Decision affirmed by Supreme
Court opinion fil ed 6/24/02

Cert granted by Supreme Court
order filed 12/10/01

PUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 00-4154

WILLIAM JOSEPH HARRIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-99-191)

Argued: January 25, 2001

Decided: March 20, 2001

Before MICHAEL and MOTZ, Circuit Judges, and
Robert E. PAYNE, United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed by published opinion. Judge Motz wrote the opinion, in
which Judge Michael and Judge Payne joined.

_____

**COUNSEL**

**ARGUED:** William Carlton Ingram, Jr., First Assistant Federal Pub-
lic Defender, Greensboro, North Carolina, for Appellant. Steven Hale
Levin, Assistant United States Attorney, Greensboro, North Carolina,
for Appellee. **ON BRIEF:** Louis C. Allen, III, Federal Public
Defender, Greensboro, North Carolina, for Appellant. Walter C. Hol-

ton, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.

_____

## OPINION

DIANA GRIBBON MOTZ, Circuit Judge:

After convicting William Harris of carrying a firearm in relation to drug trafficking, the district court found that he had "brandished" the firearm and sentenced him in accordance with 18 U.S.C. § 924(c)(1)(A)(ii) (Supp. IV 1998). Harris appeals, contending the court erred by increasing his sentence for brandishing the firearm, which he maintains constitutes an element of the offense that must be charged and proved beyond a reasonable doubt. Examination of the statutory language, structure, context, and history of § 924(c)(1)(A) leads us to conclude that "brandished" is a sentencing factor, not an element of the offense. Accordingly, we affirm.

I.

Harris owns a pawn shop in North Carolina. On April 29, 1999, an undercover law enforcement agent accompanied a confidential infor- mant to Harris's shop. After talking with Harris, the agent purchased a small quantity of marijuana and returned the next day to purchase an additional 114 grams of marijuana.

During both transactions, Harris carried a 9mm Taurus handgun in an unconcealed hip holster. According to the agent's testimony, Har- ris, at one point, removed his firearm from its holster and explained that it "was an outlawed firearm because it had a high-capacity maga- zine," and further stated that his homemade bullets could pierce a police officer's armored jacket.

Harris was subsequently arrested and indicted on two counts of dis- tribution of marijuana, 21 U.S.C. § 841(a)(1) & (b)(1)(D) (1994 & Supp. IV 1998), and two counts of carrying a firearm "in relation to" drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A). The govern- ment dismissed one distribution count and one firearm count. Harris

2

pled guilty to the other distribution count, but proceeded to a bench trial on the remaining § 924(c) count of carrying a firearm in relation to the April 30 drug trafficking incident.

At trial, the district court found that Harris carried the handgun in relation to a drug trafficking offense and convicted Harris of violating § 924(c)(1)(A). At Harris's sentencing hearing, the judge determined that he had "brandished" the gun within the meaning of § 924(c)(1)(A)(ii) & (c)(4) and consequently sentenced Harris to the mandatory minimum of seven years imprisonment prescribed by the statute. Harris now appeals.

II.

Section 924(c)(1)(A) provides in pertinent part:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime -
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A). Harris principally contends that the "brandished" clause, 18 U.S.C. § 924(c)(1)(A)(ii), does not set forth a sentencing factor, but rather an element of the offense that must be specifically charged in the indictment and proved beyond a reasonable doubt at trial.

"Whether a fact is an offense element or a sentencing consideration is a matter of statutory interpretation." United States v. Davis, 184

3

F.3d 366, 368 (4th Cir. 1999).**1** Thus, we look to the statute's language, structure, context, and history in determining whether "brandished" is a sentencing factor. See Castillo v. United States, 120 S. Ct. 2090, 2092 (2000).

Most significant in determining whether the brandishing clause sets forth a sentencing factor or an element of the crime is the statutory language itself. Section 924(c)(1)(A)(ii) provides for no statutory maximum sentence. Instead the statute "operates solely to limit the sentencing court's discretion in selecting a penalty within the range already available to it without the special finding of [brandishing] a firearm." McMillan v. Pennsylvania, 477 U.S. 79, 87-88 (1986). In other words, the sentencing court's finding that Harris "brandished" a firearm under subsection (ii) triggered a mandatory minimum sentence, but did not "increase[] the penalty . . . beyond the prescribed statutory maximum." Apprendi v. New Jersey, 120 S. Ct. 2348, 2362-63 (2000).

In McMillan, the Supreme Court upheld Pennsylvania's Mandatory Minimum Sentencing Act, 42 Pa. Cons. Stat. § 9712 (1982), which provided a mandatory minimum sentence of five years upon a finding that a defendant "visibly possessed a firearm" during the commission of certain felonies. McMillan, 477 U.S. at 80-81. The Court rejected the contention that the visible possession provision was an element of the offense because it did not "expose[] [the defendants] to greater or additional punishment." Id. at 88. The Court explained that the challenged statute "neither alters the maximum penalty for the crime committed nor creates a separate offense calling for a separate penalty . . . . The statute gives no impression of having been tailored to permit the visible possession finding to be a tail which wags the dog of the substantive offense." Id. at 87-88. Consequently, the McMillan Court held that the mandatory minimum provision was simply a permissible restriction on the sentencing judge's discretion. Id. at 88. See also

_____

**1** Of course, after the Supreme Court's decision in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," id. at 2362-63 (emphasis added), thus obviating the need for "statutory interpretation" in those instances.

4

<u>Williams v. New York</u>, 337 U.S. 241, 246 (1949) ("[A] sentencing judge [can] exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed <u>within limits fixed by law</u>.") (emphasis added).

Because, like the statute at issue in <u>McMillan</u>, § 924(c)(1)(A) contains no maximum penalty, the government's failure to charge and prove brandishing beyond a reasonable doubt did not expose Harris to a punishment greater than he could have received had the sentencing judge not found that Harris "brandished" a firearm. Even without the "brandished" finding, Harris could have received a seven-year sentence. In fact, the sentencing judge noted that if we reversed his brandishing ruling, he might nonetheless exercise his discretion and apply a seven-year prison term upon re-sentencing.

Harris recognizes that the instant case involves a mandatory minimum provision, but nonetheless asserts that the Court's decision in <u>Apprendi</u> governs. He agrees that although <u>Apprendi</u> directly addressed an increase in a statutory maximum, it"also should apply to a statutory fact which increases the mandatory minimum sentence." Reply Brief at 2. But, by its own terms, <u>Apprendi</u> forecloses this argument; there, the Supreme Court explained:

> We do not overrule <u>McMillan</u>. We limit its holding to cases that do not involve the imposition of a sentence more severe than the statutory maximum for the offense established by the jury's verdict -- a limitation identified in the <u>McMillan</u> opinion itself.

<u>Apprendi</u>, 120 S. Ct. at 2361 n.13. In essence, Harris asks this court to do what the Supreme Court has explicitly refused to do. While the Supreme Court may certainly overrule <u>McMillan</u> in the future and apply <u>Apprendi</u> to any factor that increases the minimum sentence or "range" of punishment, rather than only the maximum punishment, <u>see Jones</u>, 526 U.S. 227, 252-53 (1999) (Stevens, J.,concurring) (opining that <u>McMillan</u> should be reconsidered), that is not our role. <u>See West v. Anne Arundel County</u>, 137 F.3d 752, 760 (4th Cir. 1998)

5

("Lower federal courts have repeatedly been warned about the impropriety of preemptively overturning Supreme Court precedent.").[2]

Indeed, this court and others have already held that <u>Apprendi</u> "only applies to sentences `beyond the prescribed statutory maximum.'" <u>United States v. Pratt</u>, No. 99-4424, 2001 WL 101457 (4th Cir. Feb. 7, 2001). <u>See also United States v. Williams</u>, 238 F.3d 871, 877 (7th Cir. 2001) ("[I]f a defendant is sentenced under the statutory maximum, his sentence is not violative of <u>Apprendi</u>, regardless of a district court's consideration of a mandatory minimum sentence."); <u>United States v. Carlson</u>, 217 F.3d 986, 987 (8th Cir. 2000) (holding that § 924(c)(1)(A)(ii) is a mandatory minimum sentencing factor and not affected by <u>Apprendi</u>); <u>United States v. Pounds</u>, 230 F.3d 1317, 1319 (11th Cir. 2000) (same). <u>But cf. United States v. Bandy</u>, 2001 WL 69052, at *4-5 (6th Cir. Jan. 30, 2001) (relying on <u>Castillo</u> and finding that the "short-barreled shotgun" provision of 18 U.S.C. § 924(c)(1)(B)(i), which triggers a longer minimum sentence, is an element of the offense).

Moreover, since the application of § 924(c)(1)(A)(ii) did not expose Harris to a penalty greater than that already allowed under the statute, we are not faced with the concerns at issue in <u>Castillo</u>, or <u>Jones</u>, on which Harris principally relies. Unlike the instant case, both <u>Jones</u> and <u>Castillo</u> presented situations in which the finding of a certain statutory fact exposed the defendant to a term of imprisonment more severe than would have been permitted without the finding of that fact. <u>See Castillo</u>, 120 S. Ct. at 2092 (maximum sentence raised by twenty-five years if the crime was committed with a "machinegun"); <u>Jones</u>, 526 U.S. at 230-31 (sentence increased by ten years upon finding that the crime resulted in "serious bodily injury").

_____

**2** Harris may be correct that absent the district court's finding that he "brandished" a firearm, it is "unlikely," under the Sentencing Guidelines, that he would have received more than five years. <u>See</u> U.S.S.G. § 2K2.4(a)(2). But, that fact does not assist him because "the relevant `maximum' under <u>Apprendi</u> is found on the face of the statute rather than in the Sentencing Guidelines." <u>United States v. Kinter</u>, 235 F.3d 192, 201 (4th Cir. 2000). Thus, although the finding may have increased his sentence under the Sentencing Guidelines, it still did not increase it beyond the "prescribed <u>statutory</u> maximum." <u>Apprendi</u>, 120 S. Ct. at 2363 (emphasis added).

Furthermore, other factors also support the conclusion that "brandished" is not an offense element. First, the structure of the statute suggests this. Congress set the first paragraph of § 924(c)(1)(A) apart from the three subsections below, indicating that this first paragraph contains the elements of the crime -- using or carrying a firearm in relation to or possessing a firearm in furtherance of drug trafficking -- while the subsections list sentencing factors limiting the judge's discretion when sentencing those convicted of the crime. See Castillo, 120 S. Ct. at 2093; Carlson, 217 F.3d at 987; Pounds, 230 F.3d at 1319. We acknowledge that § 924(c)(1)(A) is similar in structure to the carjacking statute at issue in Jones, but even the Jones Court recognized that a "principal paragraph" followed by "numbered subsections" has a "look" suggesting that the subsections are sentencing factors. Jones, 526 U.S. at 232.

Despite the statute's "look," the Court in Jones determined that the subsection at issue there stated a separate offense element; in part because it provided for "steeply higher penalties" and more importantly because Congress had previously treated "serious bodily injury" as a criminal offense element. Id., at 233, 235-36. The Jones Court cited no less than three federal statutes that "unmistakably identified serious bodily injury as an offense element." Id. at 235 (citing 10 U.S.C. § 928(b)(2); 18 U.S.C. § 37(a)(1); and 18 U.S.C. § 1091(a)(2)). Similarly, the statute at issue in Castillo provided steeply higher penalties and involved a factor that Congress had traditionally treated as a separate element of a criminal offense. Castillo, 120 S. Ct. at 2094, 2096. And again, the Supreme Court cited statutes in which Congress treated "machinegun" as a substantive element of a criminal offense. Id. at 2094.

In contrast, Harris has cited no federal statute in which Congress has treated "brandished" as a separate offense or element of an offense.**3**

_____

**3** Harris does cite W. Va. Code § 61-7-11 (West 2000) and VI. Code Ann. Tit. 14 § 621 (1999), in which brandishing a weapon is an element of a crime. Brief of Appellant at 21. Although the Supreme Court in Jones acknowledged that "[s]tate practice bolster[ed]" the Court's holding, it also recognized that state practice is not "direct authority for reading the federal carjacking statute." Jones, 526 U.S. at 236-37. Without evidence that Congress has treated brandishing as an offense element in other federal statutes, we do not find the fact that a state and a territory have done so to be sufficient evidence from which to glean congressional intent in this case.

7

Nor have we located any such federal statute. Indeed, "brandish" sel-dom appears in the United States Code, but instead arises with great frequency in the United States Sentencing Guidelines as the basis for a sentence enhancement. <u>See, e.g.</u>, U.S.S.G.§ 2A2.2(b)(2)(c), § 2B3.1(b)(2)(C), § 2E2.1(b)(1)(c),§ 2L1.1(b)(4)(c).**4**

Although inconclusive, the legislative history of the 1998 amend-ment to § 924(c) also hints that Congress has traditionally viewed "brandished" not as an integral element of the offense, but more as a "manner in which a basic crime was carried out," thus having the characteristic of a "[t]raditional sentencing factor[]." <u>Castillo</u>, 120 S. Ct. at 2094. The original proposed amendment, as passed by the House, read:

> A person who, during and in relation to any crime of vio-lence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States --
>
> (A) possesses a firearm in furtherance of the crime, shall, in addition to the sentence imposed for the crime of violence or drug trafficking crime, be sentenced to imprisonment for 10 years;
>
> (B) brandishes a firearm, shall, in addition to the sentence imposed for the crime of violence or drug trafficking crime, be sentenced to imprisonment for 15 years; or
>
> (C) discharges a firearm, shall, in addition to the sentence imposed for the crime of violence or drug trafficking crime, be sentenced to imprisonment for 20 years . . . .

_____

**4** That "brandished" appears in the Sentencing Guidelines is not by itself proof that it is a sentencing factor. "Serious bodily injury," which the <u>Jones</u> Court found to be an element of the carjacking offense, often appears in the Sentencing Guidelines as the basis for a sentencing enhancement. <u>See, e.g.</u>, U.S.S.G. § 2A4.1(b)(2)(B) (increasing kidnaping sentence by two levels if victim sustained "serious bodily injury"). How-ever, the fact that "brandish" is a frequent sentencing enhancement cou-pled with the fact that we have found no federal statute treating it as an offense element, suggests that Congress has not traditionally treated it as such.

8

H.R. 424, 105th Cong. (2d Sess. 1998); 144 Cong. Rec. H530-31, H535 (daily ed. Feb. 24, 1998) (passing the bill in the House).

In the final bill, however, Congress decided not to include brandishing or discharging as actus reus elements of the offenses proscribed in the initial principal paragraph.**5** While we are careful not to read too much into this alteration, the fact that"brandished" and "discharged" remained in subordinate subsections, while "possessed" ascended to accompany the main criminal acts from the previous bill, cannot be completely overlooked. In fact, the Supreme Court in <u>Castillo</u> recognized that Congress's 1998 amendment of § 924(c), separating certain statutory factors into numbered subsections, "suggest[ed] a contrary interpretation" from the one it ultimately adopted. <u>Castillo</u>, 120 S. Ct. at 2093. However, the Court refused to consider these 1998 changes, because it was addressing the 1993 version of § 924(c). <u>Id.</u> We, however, are interpreting § 924(c) as amended in 1998 and so must take into account those changes acknowledged but not considered in <u>Castillo</u>.

The <u>Castillo</u> decision is also helpful in that the Court specifically suggested that "brandished" is a sentencing factor, stating that "[t]raditional sentencing factors often involve . . . special features of the manner in which a basic crime was carried out (e.g., that the defendant abused a position of trust or <u>brandished a gun</u>)." <u>Castillo</u>, 120 S. Ct. at 2094 (emphasis added). The fact that the Supreme Court used "brandished a gun" as an example of a sentencing factor gives us an additional measure of confidence that our decision falls within the Supreme Court's recent jurisprudence on the issue.

Finally, § 924(c)(1)(A) also differs from the statutes at issue in <u>Jones</u> and <u>Castillo</u> in that the severity of the separate harms in those statutes were punctuated by the "steeply higher penalties" assessed

_____

**5** The previous version of § 924(c)(1) applied to only one who "uses" and "carries" a firearm in relation to a drug trafficking or violent crime. There was no provision for possessing. The Supreme Court, in <u>Bailey v. United States</u>, 516 U.S. 137 (1995), held that"use" meant active use and mere possession was insufficient for conviction. <u>Id.</u> at 143-44. In response, Congress sought to amend § 924(c) to criminalize possession in furtherance of a drug trafficking crime. <u>See</u> 144 Cong. Rec. S12670-71 (daily ed. Oct. 16, 1998) (statement of Sen. DeWine); 144 Cong. Rec. H531 (daily ed. Feb. 24, 1998) (statement of Rep. McCollum).

9

when the elements at issue were found. <u>Jones</u>, 526 U.S. at 233 (noting that the maximum carjacking penalties were increased by ten years for serious bodily harm); <u>Castillo</u>, 120 S. Ct. at 2095 (noting that the maximum penalty for carrying a firearm increased from five to thirty years when the firearm was a machinegun). In comparison, the mandatory minimum for brandishing a firearm as opposed to simply carrying a firearm increases by only two years. At oral argument, Harris maintained that the two-year enhancement increased the penalty by forty percent, and is thus a "steeply higher penalty." This argument is misleading because Harris's <u>available</u> penalty did not increase at all upon the "brandished" finding -- he could have received seven years even without that finding. In addition, the claimed forty percent increase is less than the 500 percent increase in <u>Castillo</u> or even the sixty-six percent increase in <u>Jones</u>. And regardless of the percentages, a two-year sentence enhancement is not as "steep" as an additional ten or twenty-five years in prison.**6**

For the foregoing reasons, we hold that the "brandished" clause of 18 U.S.C. § 924(c)(1)(A)(ii) sets forth a sentencing factor that need not be charged in the indictment. Harris's evidentiary arguments are totally without merit.**7** We, therefore, affirm Harris's conviction and sentence.

<u>AFFIRMED</u>

_____

**6** Indeed, percentages can be misleading; for instance, a penalty enhancement from one to three days imprisonment would be a 200 percent increase, but we would be hard-pressed to call such an increase "steep."

**7** Harris asserts that the government offered insufficient evidence to prove that he carried his gun "in relation to" drug trafficking. On the facts here, a reasonable finder of fact could certainly conclude that he carried his gun in relation to his drug sales. <u>See Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). Harris also claims that the evidence was insufficient to support the sentencing court's finding that he "brandished" his gun. Given the evidence that Harris carried and displayed the firearm in the pawn shop, carried it to the drug sales, explained that it had a high-capacity magazine and could pierce an officer's armored jacket, and that it was visible in his holster during the drug sales, we can hardly conclude that the district court clearly erred in finding that he "brandished" it as defined by 18 U.S.C. § 924(c)(4).

10