**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dewayne BROOKS, Defendant–**
**Appellant.**

No. 01–1594.

United States Court of Appeals,
Tenth Circuit.

July 23, 2002.

Before SEYMOUR, HENRY, and BRISCOE, Circuit Judges.

## ORDER AND JUDGMENT *

SEYMOUR, Circuit Judge.

Dewayne Brooks was convicted in federal district court of possession of cocaine in violation of 21 U.S.C. §§ 841(a) and (b)(1)(A)(iii). The court sentenced him to 165 months in prison. We affirmed. *See United States v. Brooks*, 161 F.3d 1240 (10th Cir.1998). Mr. Brooks, proceeding pro se, has filed a motion for collateral relief pursuant to 28 U.S.C. § 2255 asserting that his conviction and sentence constitute a violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[1] The district court denied the motion and denied Mr. Brooks' application for a certificate of appealability (COA). For the reasons set out below, we also deny Mr. Brooks' request for a COA and dismiss the appeal.[2]

In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Where, as here, the quantity of drugs involved in the crime was not submitted to the jury and proven beyond a reasonable doubt, a defendant may be sentenced only under 21 U.S.C. § 841(b)(1)(C), which defines penalties for offenses involving cocaine base without making reference to a specific drug quantity. *See United States v. Jackson*, 240 F.3d 1245, 1248 (10th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 112, 151 L.Ed.2d 69 (2001); *see also United States v. Jones*, 235 F.3d 1231, 1235 (10th Cir. 2000) ("A district court may not impose a sentence in excess of the maximum set forth in 21 U.S.C. § 841(b)(1)(C) unless the benchmark quantity of cocaine base for an enhanced penalty is alleged in the indictment in addition to being submitted to the jury and proven beyond a reasonable doubt.").

■ Mr. Brooks was charged and convicted of violating 21 U.S.C. § 841(a), a crime that does not require a specific quantity of drugs as an element of the offense. *See* 21 U.S.C. § 841(a) (making it unlawful to knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance...."). He was also convicted under section 841(b)(1)(A)(iii), which does involve a specific quantity of drugs: 50 grams or more of a mixture or substance which contains cocaine base. *See* 21 U.S.C. § 841(b)(1)(A)(iii). That statute requires a sentence ranging between ten

---

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. Mr. Brooks raises two other issues for the first time on appeal which we decline to address. *See Lyons v. Jefferson Bank & Trust*, 994 F.2d 716 (10th Cir.1993).

2. Mr. Brooks filed a separate motion requesting a stay of his appeal pursuant to F.R.A.P. 8, pending the Supreme Court's decisions in *United States v. Cotton*, —— U.S. ——, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), and *United States v. Harris*, 243 F.3d 806 (4th Cir. 2001), *cert. granted*, —— U.S. ——, 122 S.Ct. 663, 151 L.Ed.2d 578, 70 U.S.L.W. 3383 (U.S. Dec. 10, 2001) (00–10666). Because *Cotton* has already been decided and the issue presented in *Harris* is not relevant to the case before us, we deny Mr. Brooks' motion for a stay.

years and life in prison. *See id.* Because the matter of quantity of drugs was not submitted to the jury, however, pursuant to *Apprendi* Mr. Brooks could only be sentenced within the punishment range set out in section 841(b)(1)(C), i.e., a maximum sentence of twenty years in this case, which is applicable regardless of the drug quantity involved.

Mr. Brooks' sentence did not exceed the twenty-year statutory maximum penalty for the crime for which he was convicted. Thus, there was no *Apprendi* violation. *See, e.g., United States v. Thompson,* 237 F.3d 1258, 1261–62 (10th Cir.2001). If Mr. Brooks had received a sentence greater than twenty years, we would have considered whether to exercise our plain error discretion. *See, e.g., United States v. Cotton,* — U.S. ——, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). There is no need to do so here.

■ In order to obtain a COA, Mr. Brooks must show that the issue would be debatable among jurists, that a court could resolve the issues differently, or that the question deserves further proceedings. *See Slack v. McDaniel,* 529 U.S. 473, 483–8, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). We have reviewed Mr. Brooks' briefs, the district court's order, and the entire record on appeal. Because Mr. Brooks' sentence did not exceed the statutorily-mandated maximum under 21 U.S.C. § 841(b)(1)(C), Mr. Brooks has failed to raise a debatable *Apprendi* issue. We therefore deny his request for a COA.

We **GRANT** the motion to proceed in forma pauperis, **DENY** the motion to stay the proceedings, **DENY** the motion for a certificate of appealability, and **DISMISS** the appeal.