**UNITED STATES of America,**
**Appellant,**

v.

**Raul LUCIANO, a.k.a Roline, a.k.a Raul Luciano, Richard Rodriguez, Armando Luciano, a.k.a. Mando, Edward Parrett, Harry Rodriguez, Victor Cochran, a.k.a. Fat Vic, Enrico Maturo, Josue Santana, a.k.a. Chepo, Edgardo Carmona, Efran Rodriguez,**

**Ronald Fassett, Charles Fassett, Anthony Cesario, Elizabeth Rodriguez, Juan Cintron, Gary Vaspasiano, William Tienken, Jr., Defendants,**

**Frank Michael Parise, Defendant–Appellee.**

Docket No. 01–1198.

United States Court of Appeals, Second Circuit.

Argued: Jan. 28, 2002.

Decided: Nov. 18, 2002.

Jeffrey A. Meyer, Assistant United States Attorney, for John A. Danaher, United States Attorney for the District of Connecticut (Alex Hernandez, Assistant United States Attorney, on the brief), New Haven, CT, for Appellant.

Tracy M. Young (Joyce C. London, on the brief), New York, NY, for Defendant–Appellee.

Before LEVAL, CALABRESI, Circuit Judges, and DEARIE, District Judge.*

LEVAL, Circuit Judge.

The Government appeals from the judgment of the United States District Court

---

* The Honorable Raymond J. Dearie, United States District Judge for the Eastern District of New York, sitting by designation.

for the District of Connecticut (Dorsey, *J.*) granting a writ of habeas corpus to Frank Michael Parise pursuant to 28 U.S.C. § 2255, and reducing his sentence from 240 months imprisonment to 192 months. Parise was convicted of conspiracy to possess cocaine in violation of 21 U.S.C. § 846 and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced to a mandatory minimum term of 20 years imprisonment under 21 U.S.C. § 841(b)(1)(A), by reason of the sentencing judge's finding that his offense involved over 5 kilograms of cocaine. On his petition under § 2255 to set aside the conviction, the district court found that his sentence violated the rule of constitutional law announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because there had been no jury finding beyond a reasonable doubt of the drug quantity that triggered the application of § 841(b)(1)(A).

For a defendant like Parise previously convicted of a drug felony, whose offense involves 5 to 15 kilograms of cocaine, § 841(b)(1)(A) not only provides a mandatory minimum sentence of 20 years, but also permits a maximum sentence of life imprisonment. For the same offense without regard to drug quantity, Parise would have been sentenced under § 841(b)(1)(C). The applicable sentencing range under that statute for one who, like Parise, had been previously convicted of a drug offense would have been 0 to 30 years imprisonment. The 20–year sentence he received by reason of the enforcement of the mandatory minimum, occasioned by the sentencing judge's finding that the offense involved more than five kilograms, was well within the permissible range of 30 years that would have applied irrespective of drug quantity.

The district court nevertheless believed that the *Apprendi* rule had been violated for two reasons: First, by virtue of the sentencing judge's determination that Parise's crime involved more than five kilos, he was *exposed to the possibility* of a life term, which is greater than the otherwise applicable statutory maximum of 30 years under § 841(b)(1)(C). Second, the application of the 20–year mandatory minimum resulted in a sentence that exceeded the maximum period of imprisonment in the range set by the United States Sentencing Guidelines ("U.S.S.G.").

We do not agree with the district court's understanding of the *Apprendi* rule. We vacate the grant of habeas corpus.

## BACKGROUND

On September 21, 1995, a grand jury returned an indictment against multiple defendants alleging violations of the federal narcotics laws, including three counts naming Parise. Count One charged Parise with conspiracy to possess with intent to distribute and distribution of 500 grams or more of cocaine. Count Six charged him with possession with intent to distribute 500 grams or more of cocaine. Count Eight sought the forfeiture of Parise's automobile. The government subsequently filed an information pursuant to 21 U.S.C. § 851 charging Parise with being a person previously convicted of a drug felony.

Trial commenced on November 25, 1996. Evidence at trial implicated Parise in multiple transactions involving a total amount of cocaine well in excess of five kilograms. On December 30, 1996, the jury returned a guilty verdict on the drug conspiracy and possession charges. The jury was not called upon to make any determinations of drug quantity and made none.

The Department of Probation prepared a presentence report ("PSR"), which concluded that Parise's offense involved more

than five kilos of cocaine. On that basis, in considering the United States Sentencing Guidelines, it found an adjusted offense level of 32, with a criminal history category of V, resulting in a Guidelines range of 188–235 months. The PSR also noted that because Parise had previously been convicted of a drug felony, his offense involving more than five kilos of cocaine subjected him to a mandatory minimum sentence of 20 years under § 841(b)(1)(A).

Prior to sentencing, the district court conducted a hearing during which it carefully assessed the attribution of drug quantities to Parise. The court concluded that the evidence supported a finding of "five to 15 kilograms [so as] adequately to warrant" both the offense level of 32 under the Sentencing Guidelines and the triggering of the 20–year mandatory minimum sentence under § 841(b)(1)(A). Because the mandatory minimum of 20 years (240 months) exceeded the top of Parise's guideline range of 235 months, the district sentenced Parise under § 841(b)(1)(A) to twenty years imprisonment.

Parise appealed his conviction to this Court raising numerous claims, including that the district court erred in its determination of drug quantity and that he received ineffective assistance of counsel. This Court rejected Parise's claim that he was rendered ineffective assistance of counsel, see United States v. Luciano, 158 F.3d 655 (2d Cir.1998), and by summary order rejected the balance of his claims. See United States v. Luciano, 165 F.3d 15 (2d Cir.1998) (unpublished order).

On June 7, 2000, Parise filed the first version of this petition pursuant to 28 U.S.C. § 2255. He relied on essentially the same grounds as he had raised on direct appeal. On August 10, 2000, the district court denied that petition. Parise moved for reconsideration, on the grounds of his counsel's excusable neglect in failing to include pertinent legal and factual claims in the original petition, and asked to amend the petition to include most significantly an allegation that his sentence violated his constitutional rights under the rule of law announced on June 26, 2000 by the Supreme Court in Apprendi.

By published opinion dated October 25, 2000, the district court granted Parise's motion for reconsideration and granted the writ on the basis of his Apprendi claim. See Parise v. United States, 117 F.Supp.2d 204 (D.Conn.2000). On October 31, 2000, the government moved for reconsideration. The district court heard extensive oral argument, and reaffirmed its conclusion that the 240–month sentence violated Parise's Apprendi rights. See Parise v. United States, 135 F.Supp.2d 345 (D.Conn.2001). The court then resentenced Parise to 192 months imprisonment. The court reasoned that Parise's sentence had violated the rule of constitutional law set out in Apprendi in two distinct manners. First, when sentenced by reason of a fact not found by the jury under § 841(b)(1)(A), which provides a maximum of life imprisonment, Parise was exposed to the possibility of a sentence in excess of the thirty-year maximum that would apply under § 841(b)(1)(C). 135 F.Supp.2d at 347–48. Second, the 240–month sentence, though within the 0 to 30–year range provided by § 841(b)(1)(C), was nevertheless in excess of the 235–month maximum range provided by the Sentencing Guidelines. Id. at 348.

### DISCUSSION

On appeal, the government raises a number of arguments, including the contention that the imposition of the 20–year sentence was not in violation of the Apprendi rule because it did not exceed the 30–year maximum that would have applied to Parise irrespective of the drug quantity

finding. Because we agree with the government on this point, we have no reason to consider its other contentions.

In *Apprendi*, the Supreme Court held that "any fact [other than the fact of a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. This court sitting in banc has applied that teaching to determinations of drug type and quantity under 21 U.S.C. § 841, to the extent that those determinations lead to the imposition of a sentence greater than the otherwise applicable statutory maximum. *United States v. Thomas*, 274 F.3d 655 (2d Cir. 2001). As we summarized our holding in *Thomas*, "Even if ... not charged in the indictment or found by the jury, ... drug ... quantity may be used to determine the appropriate sentence so long as the sentence imposed is not greater than the maximum penalty authorized by statute for the offense charged in the indictment and found by the jury." *Id.* at 673. The touchstone of the constitutional inquiry under *Apprendi* is whether the sentence actually imposed, on the basis of drug quantity not found by the jury, exceeds the statutory maximum that would have applied in the absence of such a finding. In Parise's case, the sentence clearly did not.

■ In this case, the "maximum penalty authorized by statute for the offense charged in the indictment and found by the jury" was thirty years. This is because § 841(b)(1)(C) (hereinafter "subsection (C)")-the subsection of § 841(b)(1) that imposes sentencing ranges for crimes involving indeterminate drug quantities-provides for a sentencing range of 0 to 30 years for offenders like Parise who were previously convicted of a drug felony. The district court sentenced Parise to 20 years imprisonment under § 841(b)(1)(A) (here-inafter "subsection (A)"), a sentence clearly not greater than the otherwise applicable maximum of 30 years.

Parise argues (and the district court reasoned) that because he was *exposed to the possibility* of a sentence greater than that sanctioned by subsection (C) when he was sentenced under subsection (A), his constitutional rights were violated. To justify that understanding of *Apprendi*, Parise cites two passages in the *Apprendi* opinion. One states that the relevant inquiry is whether the required factual finding would "*expose* the defendant to a greater punishment than that authorized by the jury's guilty verdict." 530 U.S. at 494, 120 S.Ct. 2348 (emphasis added). The second asserts, "If a defendant *faces* punishment beyond that provided by statute when an offense is committed under certain circumstances but not others, it is obvious that both the loss of liberty and the stigma attaching to the offense are heightened; it necessarily follows that the defendant should not-at the moment the State is put to proof of those circumstances-be deprived of protections that have, until that point, unquestionably attached." *Id.* at 484, 120 S.Ct. 2348 (emphasis added). Parise argues that he "faced" and was "exposed to" sentencing beyond the maximum provided by subsection (C) when he was sentenced under subsection (A). Because the five kilo quantity was not submitted to the jury, he contends he may not, consistent with the *Apprendi* rule, be sentenced under subsection (A). Accordingly, he argues, the 20-year mandatory minimum provided by subsection (A) was inapplicable and the 20-year sentence imposed by reason of that mandatory minimum was illegal.

That is not our understanding of *Apprendi*. In our view, Parise's argument is based on a misinterpretation of two ambiguous passages. As we understand the

words "if a defendant faces punishment" and "expose the defendant to greater punishment," they refer to the circumstances where a defendant who, by reason of the triggering facts of his offense (the drug quantity), is sentenced to a more onerous sentence than would have been allowed by law, but for those triggering facts. Such a defendant "faces," and is "exposed to," punishment beyond that provided by the otherwise applicable statute. While Parise was exposed to the *possibility* of such a sentence, he did not receive such a sentence.

■ What *Apprendi* then means is that unless the triggering facts were found by a jury beyond a reasonable doubt, the defendant may not be sentenced more heavily than the maximum sentence allowed by the statute without regard to those triggering facts. Violation of *Apprendi* arises when the defendant is sentenced on the basis of a triggering fact not found by the jury to a sentence that exceeds the maximum that would have been applicable but for the triggering fact. If the defendant's sentence is within the otherwise applicable maximum, no violation of *Apprendi* has occurred, even though the defendant was sentenced under a statute that allows for a sentence that exceeds that otherwise applicable maximum.[1]

Our interpretation of these ambiguous passages is confirmed by other portions of the *Apprendi* opinion, as well as by more recent Supreme Court authority. The *Apprendi* opinion itself suggests at other junctures that its prohibition is limited to those sentences actually imposed in excess of otherwise applicable maximums. First, the opinion explains that it does not intend to overrule the Supreme Court's prior holding in *McMillan v. Pennsylvania,* 477 U.S. 79, 84–90, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), according to which factual findings that trigger the imposition of mandatory minimum sentences need not be determined by a jury. The *Apprendi* opinion notes, "We do not overrule *McMillan.* We limit its holding to cases that do not involve *the imposition of a sentence* more severe than the statutory maximum for the offense established by the jury's verdict." 530 U.S. at 487 n. 13, 120 S.Ct. 2348 (emphasis added). The opinion further explains in the very passage the defendant relies upon, "If a defendant faces punishment beyond that provided by statute when an offense is committed under certain circumstances but not others, it is obvious that *both the loss of liberty* and the stigma attaching to the offense are heightened." *Id.* at 484, 120 S.Ct. 2348 (emphasis added). Later, repeating the same thought, the opinion adds, "*Both* in terms of absolute years behind bars, and because

---

1. Our statement that no violation of *Apprendi* occurs if the defendant's sentence does not exceed the applicable statutory maximum sentence may not be applicable to the special circumstance that arises in the application of the Career Offender Guideline, which establishes a Guideline range by reference to the "Offense Statutory Maximum." U.S.S.G. § 4B1.1.

It is certainly arguable that a type of *Apprendi* violation would occur if, under an indictment that failed to specify drug quantity, the court applied an offense level under § 4B1.1 based on a finding of "Offense Statutory Maximum" higher than the maximum sentence permissible under an indictment that fails to specify an elevated drug quantity. Such an erroneous finding furthermore could add as much as seven years to defendant's sentence, even though the ultimate sentence remained within the correctly applicable statutory maximum of 20 years. As our case does not involve that question, we express no view what should be its disposition. *See United States v. Gilliam,* 255 F.3d 428, 436 (7th Cir.2001); *United States v. McCulligan,* 256 F.3d 97, 106–7 (3rd Cir.2001); *United States v. Saya,* 247 F.3d 929, 940–42 (9th Cir.2001); *United States v. Webb,* 255 F.3d 890, 899–900 (D.C.Cir.2001).

of the more severe stigma attached," the difference between the sentence actually imposed in *Apprendi* and that which should have been imposed, was of sufficient significance to state a constitutional violation. *Id.* at 495, 120 S.Ct. 2348 (emphasis added). The emphasis on the added "loss of liberty" and on the "absolute years behind bars" makes clear that the Court contemplated a defendant who is in fact sentenced to a term in excess of the otherwise applicable maximum, not one who is merely exposed to that possibility. Furthermore, the *Apprendi* majority framed the relevant inquiry in that case as follows: "The constitutional question ... is whether the 12–year sentence imposed on count 18 was permissible, given that it was above the 10–year maximum for the offense charged in that count." *Id.* at 474, 120 S.Ct. 2348.

This understanding of *Apprendi* was again confirmed by more recent Supreme Court precedent. In *Harris v. United States,* the plurality opinion observed, "*Apprendi* said that any fact *extending the defendant's sentence* beyond the maximum authorized by the jury's verdict would have been considered ... the domain of the jury by those who framed the Bill of Rights." —— U.S. ——, 122 S.Ct. 2406, 2414, 153 L.Ed.2d 524 (2002) (emphasis added).

This is also the interpretation *Apprendi* has received in our Court, and in other circuits. In *Thomas,* in applying the *Apprendi* rule to 21 U.S.C. § 841, we held that "it is error for a court to 'enhance' a defendant's sentence above a statutory maximum based on drug quantity if the Government has not charged drug quantity in the indictment and proved it to a jury beyond a reasonable doubt." 274 F.3d at 663. The opinion defined an "enhanced sentence" as "a sentence beyond the maximum established by 21 U.S.C.

§ 841(b)(1)(C)," which, as noted, is the subsection that specifies the sentencing range without regard to drug quantity. *Id.* The First Circuit, when faced with precisely this question, reached the same conclusion. *See United States v. Robinson,* 241 F.3d 115, 120–22 (1st Cir.2001). The First Circuit concluded, "[T]he Apprendi rule applies only in situations in which a judge-made factual determination actually boosts the defendant's sentence beyond the basic statutory maximum. Theoretical exposure to a higher maximum punishment, in and of itself, is not enough." *Id.* at 121–122 (citations omitted). *See also United States v. Williams* 235 F.3d 858, 863 (3d Cir.2000) ("a District Court's sentence that is under the statutory maximum cannot be constitutionally objectionable under *Apprendi*"); *United States v. Hernandez–Guardado,* 228 F.3d 1017, 1027 (9th Cir.2000) (because the sentence actually imposed did not exceed the otherwise applicable statutory maximum, the "case does not implicate the rule in *Apprendi.*").

The district court's second rationale for granting the petition was that Parise's sentence violated the *Apprendi* rule because the 20–year mandatory minimum compelled by subsection (A) exceeded the sentencing range indicated by the Sentencing Guidelines. As the district court wrote, "The maximum sentence statutorily authorized in Parise's case, given the Guidelines, was 235 months. The imposition of a sentence of 240 months was improper and in violation of Parise's constitutional rights." *Parise,* 135 F.Supp.2d at 348. The applicable Guidelines in Parise's case were offense level 32 and criminal history category V, yielding a sentencing range of 188–235 months. The mandatory minimum compelled by subsection (A) based on the judge's finding of drug quantity drove the sentence above the Guidelines range.

The problem with this rationale is that the range established by the Guidelines is not the maximum sentence allowed by law. A sentencing judge is free to depart to a more severe sentence within the limits established by the governing statutes so long as "there exists an aggravating ... circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." U.S.S.G. § 5K2.0. *See also Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *United States v. Merritt*, 988 F.2d 1298 (2d Cir. 1993). We have repeatedly held that Guidelines ranges are not statutory maximums for the purpose of Apprendi analysis. *See United States v. Norris*, 281 F.3d 357, 361 (2d Cir.2002) ("we do not believe these ranges are statutory maximums for purposes of applying the constitutional requirements announced by the Supreme Court in *Apprendi*."); *United States v. Breen*, 243 F.3d 591, 599 (2d Cir.2001) (holding that top-end of Guidelines range not statutory maximum for purposes of *Apprendi* analysis). *See also United States v. White*, 240 F.3d 127, 136 (2d Cir.2001) (*Apprendi* not controlling when enhancement under Guidelines is within statutory range); *United States v. Garcia*, 240 F.3d 180, 184 (2d Cir.2001) (holding that "a guideline factor, unrelated to a sentence above a statutory maximum or to a mandatory statutory minimum, may be determined by a sentencing judge and need not be submitted to a jury"). It has never been held that a sentencing judge may not, under *Apprendi*, depart upwards without submitting the facts that justify the upward departure to the jury beyond a reasonable doubt. We see no reason why it should be otherwise when the sentence exceeds the Guideline range by reason of a finding that triggers a statutory mandatory minimum sentence. Insofar as the district court believed that the rule of law announced in *Apprendi* was violated because a sentence was imposed in excess of the applicable Guidelines range, we disagree.

Parise's final argument is that the imposition of a mandatory minimum sentence that increases the severity of a sentence beyond that which the defendant would otherwise have received has so much in common with a sentence in excess of an otherwise applicable statutory maximum that the reasoning of *Apprendi* should control such cases as well.

Such a claim is no longer tenable since the Supreme Court's recent opinion in *Harris*. In *Harris*, the Court clarified that the *Apprendi* rule does not apply to an increased mandatory minimum sentence unless the triggering circumstance results in a sentence in excess of an otherwise applicable statutory maximum. Facts that compel the imposition of a mandatory minimum sentence, but not a sentence in excess of the otherwise applicable maximum, need not be charged in the indictment or determined by a jury beyond a reasonable doubt. 122 S.Ct. at 2418.

Harris was charged inter alia with violating 18 U.S.C. § 924(c)(1)(A), which mandates additional imprisonment for use of a firearm during or in relation to a crime of violence or a drug trafficking crime. The statute provides three levels of sentence enhancement depending on the nature of the use of the gun. Under subparagraph (i), where a gun is merely used, carried, or possessed in furtherance of the base crime, the defendant is to be sentenced to an additional term of imprisonment of "not less than 5 years." Under subparagraph (ii), if the firearm was brandished, the additional sentence shall be "not less than 7 years." Finally, under subparagraph (iii), if the firearm is discharged, an addi-

**154**

tional sentence of "not less than 10 years" is mandated.

■ The indictment charged Harris with having knowingly carried a firearm in connection with a drug crime, and did not allege whether Harris also brandished or discharged the firearm. At the close of the bench trial, Harris was found guilty. The presentence report recommended the imposition of a seven year additional mandatory minimum pursuant to subparagraph (ii), based on Harris's having brandished his firearm in the course of committing a drug crime. Relying on *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), Harris objected on the ground that brandishing constituted an essential element of a crime as to which he was neither indicted nor convicted. The district court rejected that argument. In the Fourth Circuit, Harris argued that under *Apprendi* he could not be constitutionally sentenced to the higher mandatory minimum sentence without being charged in the indictment and found guilty at trial of the additional element of brandishing. *United States v. Harris*, 243 F.3d 806 (4th Cir.2001). The Fourth Circuit rejected that argument. The Supreme Court affirmed. A majority of the Court reasoned that "[b]asing a 2–year increase in the defendant's minimum sentence on a judicial finding of brandishing does not evade

the requirements of the Fifth and Sixth Amendments. Congress simply took one factor that has always been considered by sentencing courts to bear on punishment ... and dictated the precise weight to be given that factor." *Harris*, 122 S.Ct. at 2420 (internal quotation marks omitted; ellipsis in original). In so ruling, the Supreme Court expressed the view that *Apprendi* had not overruled its prior holding in *McMillan*, 477 U.S. at 89–90, 106 S.Ct. 2411. Parise's claim that the imposition of a twenty-year mandatory minimum sentence without a jury finding violates *Apprendi* is not tenable after *Harris*.[2]

### CONCLUSION

In short, we reject all three of Parise's contentions. Finding that his 240–month sentence was not in violation of the Constitution, we reverse the district court's grant of habeas.

---

**2.** Prior to the Supreme Court's decision in *Harris*, a panel of our court agreed with the argument now advanced by Parise that "if drug quantity is used to trigger a mandatory minimum sentence that exceeds the top of the Guideline range that the district court would otherwise have calculated (based on the court's factual findings, with or without departures), that quantity must be charged in the indictment and submitted to the jury." *United States v. Guevara*, 277 F.3d 111, 119 (2d Cir.2001) (*"Guevara I"*). The *Guevara I* mandate was stayed pending the Supreme Court's decisions in *Harris* and *United States*

*v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). After the Supreme Court handed down those opinions, the *Guevara* panel modified its original mandate, on the grounds that *Cotton* permitted plain error review of *Apprendi* violations. *See United States v. Guevara*, 298 F.3d 124 (2d Cir.2002). In so doing, the panel vacated its holding with respect to the application of *Apprendi* to mandatory minimum sentences, leaving no pertinent circuit authority on that point. We believe the *Harris* opinion squarely rejects the rule announced in *Guevara I*.