**UNITED STATES of America**

v.

**Kevin DAVIS, Kevin Minnis Defendants.**

Nos. 02–106–1, 02–106–3.

United States District Court, E.D. Pennsylvania.

Jan. 8, 2003.

Curtis R. Douglas, U.S. Attorney's Office, Philadelphia, PA, for U.S.

Joseph C. Santaguida, Stephen H. Serota, Philadelphia, PA, for Defendants.

### MEMORANDUM & ORDER

KATZ, Senior District Judge.

On September 13, 2002, a jury found defendants Kevin Davis, Reginal Scott, and Kevin Minnis each guilty of drug and gun violations. Specifically, the jury found each of the defendants guilty of one count of possession with intent to distribute cocaine base or "crack" in violation of 21 U.S.C. § 841, and one count of carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C.

§ 924(c). The jury also found defendant Kevin Minnis guilty of possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g). In its sentencing memorandum, the government contends that defendants Davis and Minnis face a seven year mandatory minimum sentence for brandishing their firearms pursuant to 18 U.S.C. § 924(c)(1)(A)(ii). For the following reasons, this court finds that defendant Kevin Davis is subject to a seven year statutory minimum sentence for violating section 924(c), and defendant Kevin Minnis faces a five year mandatory minimum sentence under 18 U.S.C. § 924(c)(1)(A)(i).[1]

## I. Background

On the night of September 21, 2001, Philadelphia police officers arrested defendants Kevin Davis, Reginal Scott, and Kevin Minnis following a high speed car chase. At trial, the government argued that the defendants were traveling in a black Honda with two other individuals when shots were fired from their automobile. Police Officers in both marked and unmarked vehicles pursued the defendants to the 2200 block of Moore Street. Philadelphia Police Officer Brook testified at trial that he observed Kevin Davis exit the vehicle and attempt to flee the scene. According to Officer Brook, he pursued Davis until Davis stopped and pointed his weapon at the Officer. Officer Brook then fired his gun striking the defendant in the leg. At the scene, the police recovered a Hi-Point .380 caliber pistol from the area where Davis fell, along with nineteen packets of cocaine base or crack and $116.00 from Davis' clothes. Philadelphia Police Officer Bucceroni testified at trial regarding the arrest of defendant Minnis. According to Officer Bucceroni,

At the time when [Minnis] was coming out, I was coming around the right rear corner of the black Honda Accord. He is coming out, his right foot is on the pavement or the street. His left is in the car. He is coming out, he is facing, I want to say toward the south side of Moore Street. He was not really looking at me. In his right hand, which is close to—had it up by his face was a black semiautomatic weapon.

Tr. at 59, Sept. 11, 2002. Two other officers also testified that they saw Minnis holding a firearm in his hand as he exited the Honda. The police recovered from defendant Minnis a Heckler & Koch USP 9mm semi-automatic pistol with laser sights, one magazine loaded with eleven live rounds of ammunition, as well as twelve packets containing cocaine base or crack. Neither defendant Davis nor Minnis testified at trial. After three days of testimony, the jury returned guilty verdicts on all counts.

## II. Discussion

18 U.S.C. § 924(c) provides that:

any person who, during and in relation to any crime of violence or drug trafficking crime ... for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

(i) be sentenced to a term of imprisonment of not less than 5 years;

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

---

1. Defendant Minnis' sentence for possession with intent to deliver and carrying a firearm in relation to a drug trafficking crime is in addition to his fifteen year consecutive minimum sentence under the Armed Career Criminal Act, 18 U.S.C. 924(e)(1).

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

When sentencing a defendant under 18 U.S.C. § 924(c)(1)(A), "[t]he statute regards brandishing and discharging as sentencing factors to be found by the judge, not offense elements to be found by the jury." *Harris v. United States,* 536 U.S. 545, ——, 122 S.Ct. 2406, 2414, 153 L.Ed.2d 524 (2002). Therefore, even though the jury in this case found defendants Davis and Minnis guilty of "carrying" firearms in relation to drug trafficking crimes, the defendants may be sentenced to a minimum of seven years in prison for violating section 924(c) if the government shows that the defendants actually "brandished" their weapons.

■ Under the statute, brandishing is defined as "with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person." 18 U.S.C. § 924(c)(4). As to defendant Davis, the government has met its burden in showing that there is a preponderance of reliable evidence that Davis pointed his weapon at Officer Brook in order to intimidate the Officer.[2] Officer Brook testified at trial that defendant Davis exited the Honda and attempted to flee the scene. According to Officer Brook, defendant Davis pointed his weapon over his shoulder at the Officer. This court finds that this testimony is sufficient to show that defendant Davis displayed his firearm to Officer Brook in order to intimidate the officer and discourage him from the chase. Therefore, defendant Davis is subject to a seven year mandatory minimum sentence for his conviction under 18 U.S.C. § 924(c).

■ Defendant Minnis, however, is a closer case. According to Officer Bucceroni's testimony, Minnis attempted to exit the vehicle with a weapon in his hand. However, Officer Bucceroni noted that Minnis "was not really looking at me" when he exited the vehicle. While there is ample evidence that Minnis had the weapon in his hand, there is no evidence in the record to suggest that Minnis displayed his weapon to intimidate anyone. In *Harris v. United States,* the Supreme Court affirmed a defendant's sentence for brandishing a weapon after the defendant plead guilty to violating 18 U.S.C. § 924(c). 536 U.S. 545, 122 S.Ct. 2406, 2414, 153 L.Ed.2d 524 (2002). In *Harris,* the defendant, during one drug transaction, removed his firearm from its holster, showed the weapon to an undercover agent, and explained that it " 'was an outlawed firearm because it had a high-capacity magazine,' and further stated that his homemade bullets could pierce a police officer's armored jacket." *United States v. Harris,* 243 F.3d 806, 807 (4th Cir.2001). Harris clearly intended to intimidate the undercover agent by explaining the fire power of his weapon. In the case presently before the court, Minnis merely exited the vehicle while holding the weapon. The government has failed to show by a preponderance of the evidence that defendant Minnis intended to intimidate another person; therefore, the defendant is subject to a five year, rather than seven year, mandatory minimum sentence for his conviction under 18 U.S.C. § 924(c)(1)(A).

### III. Conclusion

For the foregoing reasons, this court finds that the government has shown by a

---

**2.** When evaluating sentencing factors, "[t]he burden of proof in the District Court is on the government, and the standard of proof is a preponderance of reliable evidence." *United States v. Tiller,* 302 F.3d 98, 106 n. 4 (3d Cir.2002).

preponderance of the evidence that defendant Davis brandished his weapon in relation to a drug trafficking crime. This court also finds that the government has failed to show by a preponderance of the evidence that defendant Minnis displayed his weapon in order to intimidate another person; therefore, defendant Minnis did not brandish his weapon.

An appropriate Order follows.

### ORDER

**AND NOW**, this 8th day of January, 2003, it is hereby **ORDERED** that defendant Kevin Davis faces a seven year statutory minimum sentence, and defendant Kevin Minnis faces a five year mandatory minimum sentence under 18 U.S.C. § 924(c)(1)(A).