**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4524**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

FRANCISCO GOMEZ DURAN, a/k/a Grenas,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:10-cr-00296-TDS-1)

———————

**No. 11-4597**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

PABLO MORA DOROTEO,

              Defendant – Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:10-cr-00296-NCT-2)

———————

Submitted:  February 21, 2012          Decided:  March 2, 2012

Before WILKINSON, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Bradley L. Henry, BREEDING & DOTHARD, LLC, Knoxville, Tennessee, for Appellant Francisco Duran; Michael E. Archenbronn, Winston-Salem, North Carolina, for Appellant Pablo Doroteo.  Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Andrew C. Cochran, Special Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Gomez Duran and Pablo Mora Doroteo were charged in a ten-count indictment with various drug trafficking and firearms offenses. Duran pled guilty to conspiracy to distribute fifty grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 846 (2006) (Count One), and the district court sentenced him to 120 months' imprisonment. Doroteo pled guilty to conspiracy to distribute fifty grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 846 (Count One), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006) (Count Eight). He received a 137-month sentence: 76 months on Count One and a consecutive 60 months on Count Eight. In these consolidated appeals, Doran and Doroteo appeal their sentences.

Focusing first on Duran's appeal, he challenges the enhancement of his sentence under 21 U.S.C.A. § 841(b)(1)(B)(viii) (West 1999 & Supp. 2011). Under this provision, the statutory penalty of five to forty years' imprisonment for a drug trafficking offense involving fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine increases to ten years to life if the defendant commits the offense "after a prior conviction for a

felony drug offense has become final." Id. "The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law . . . that prohibits or restricts conduct related to narcotic drugs." 21 U.S.C.A. § 802(44) (West 1999 & Supp. 2011).

The district court enhanced Duran's sentence under § 841(b)(1)(B) based on his 2005 North Carolina conviction for felony attempt to traffic in cocaine. At the time of Duran's sentencing for his federal offense, the controlling precedent in this Circuit was United States v. Harp, 406 F.3d 242 (4th Cir. 2005). Harp held that a prior North Carolina conviction was a crime punishable by more than a year in prison if, under North Carolina's structured sentencing scheme, "the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history" exceeded twelve months. Id. at 246 (emphasis omitted). This court subsequently overruled Harp in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), holding that whether a particular North Carolina felony was punishable by more than a year in prison depended on the maximum sentence for which a particular defendant was eligible, based on his own criminal history, rather than the maximum sentence for the same crime that could be imposed on a defendant with the worst possible criminal record. Id. at 241-47.

4

Relying on the then-existent precedent in Harp, the district court concluded that Duran's North Carolina offense qualified as a felony drug offense because the maximum penalty for such a crime was thirty-eight months in prison. Duran contends that his sentence must be vacated in light of Simmons and remanded for a determination of whether his prior offense was punishable by more than a year in prison. However, Duran received a twelve-to-fifteen month prison term for his North Carolina offense. Because Duran was personally exposed to a maximum sentence of imprisonment for more than a year, his prior drug offense qualified as a "felony drug offense" for purposes of § 841(b)(1)(B).

Duran also argues that the § 841(b)(1)(B) enhancement for a prior felony drug offense violates the Double Jeopardy Clause. As Duran acknowledges, "the Supreme Court has consistently rejected double jeopardy challenges to sentencing schemes that enhance a defendant's sentence because of a prior conviction." United States v. Ambers, 85 F.3d 173, 178 (4th Cir. 1996) (citing Witte v. United States, 515 U.S. 389, 400 (1995)). Duran seeks a change in the law. However, "[w]hile the Supreme Court may certainly overrule [its own precedent], . . . that is not our role." United States v. Harris, 243 F.3d 806, 809 (4th Cir. 2001). We therefore affirm Duran's sentence.

Turning to Doroteo's appeal, he contends that his sentence is unreasonable because the district court failed to provide an individualized assessment of the applicable 21 U.S.C. § 3553(a) (2006) sentencing factors or articulate why it rejected his argument for a below-Guidelines sentence. A district court is not required to "robotically tick through § 3553(a)'s every subsection" on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). The sentencing court's explanation must be "sufficient 'to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (alteration in original; quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

Reasons articulated by a district court for a given sentence need not be "couched in the precise language of § 3553(a)" as long as the "reasons can be matched to a factor appropriate for consideration under that statute and [are] clearly tied to [the defendant's] particular situation." United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007). After reviewing the record, we conclude that the district court analyzed the arguments presented by the parties and gave a sufficient explanation for the sentence it selected. Although

6

the court did not couch its analysis in the precise statutory language, consideration of the § 3553(a) factors was implicit in the district court's reasoning.  Moreover, we conclude that the court adequately addressed Doroteo's arguments for a below-Guidelines sentence and that Doroteo failed to rebut the presumption of reasonableness accorded his within-Guidelines sentence.  United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

For these reasons, we affirm Duran's and Doroteo's sentences.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED