**Tyrone HINES, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**Docket No. 01–2098.**

United States Court of Appeals, Second Circuit.

May 29, 2003.

Jane Simkin Smith, Millbrook, NY, for Appellant.

Brenda K. Sannes, Assistant United States Attorney for the Northern District of New York (Glenn T. Suddaby, United States Attorney, Grant C. Jaquith, Assistant United States Attorney, Barbara D. Cottrell, Senior Litigation Counsel, on the brief), Syracuse, NY, for Appellee.

Present: KEARSE, STRAUB, and RAGGI, Circuit Judges.

**258**

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

On November 14, 1994, pursuant to a plea agreement with the government, Petitioner–Appellant Tyrone Hines pleaded guilty to engaging in a continuing criminal enterprise ("CCE") involving the distribution of cocaine and crack cocaine, in violation of 21 U.S.C. § 848. The plea agreement indicated that "the jail sentence specified" for the CCE count was life imprisonment, pursuant to subsection (b) (the "kingpin" subsection) of § 848. The government agreed to make a motion for a downward departure, pursuant to 18 U.S.C. § 3553(e), if Hines rendered substantial assistance in the prosecution of other offenders. At Hines's sentencing on May 9, 1995, however, the government declined to move for a downward departure because it asserted that Hines violated the terms of the plea agreement when, on February 4, 1995, he escaped from custody. As a result, the District Court reluctantly imposed the mandatory life sentence prescribed by § 848(b).

Hines filed the instant § 2255 motion *pro se* on September 29, 1999, arguing, *inter alia*, that his conviction and guilty plea were invalid in light of *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). He effectively amended his motion on August 4, 2000 to challenge his life sentence in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The

District Court, finding that Hines's objections to the indictment and to the validity of his guilty plea were procedurally defaulted and that his *Apprendi* claim lacked merit, denied his § 2255 motion in its entirety on January 28, 2001. Hines filed a timely notice of appeal and we issued a certificate of appealability on July 9, 2002.

Our review of the District Court's denial of Hines's habeas motion is *de novo*. See *Santana–Madera v. United States*, 260 F.3d 133, 138 (2d Cir.2001). Although Hines's § 2255 motion was filed nearly three years after his conviction became final, it is not time-barred because it was filed within one year of the Supreme Court decision in *Richardson*, which applies retroactively to cases on first-time habeas review. *See* 28 U.S.C. § 2255, para. 6; *Santana–Madera*, 260 F.3d at 138–39.

There are basically two questions presented to us on this appeal.[1] First, Hines argues that under *Richardson* his guilty plea was invalid because he was not informed that the individual predicate offenses comprising the "continuing series" of violations in 21 U.S.C. § 848(c)(2) were themselves *separate elements* of the CCE offense. *See Richardson*, 526 U.S. at 816 (holding that each of the offenses in the "series" of violations referenced in 21 U.S.C. § 848 is an element of the CCE offense). Hines asserts, citing *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), that his guilty plea was "constitutionally invalid" because "neither he, nor his counsel, nor the court correctly understood the essential elements of the crime with which he was charged." *Id.* at 618.

---

1. The certificate of appealability also queried "[w]hether the guidelines range calculated in the petitioner's Presentence Investigation Report properly included a four-level increase based on the petitioner's role in the offense under U.S.S.G. § 3B1.1(a) (1994)." It is not necessary to consider this question, however, because both parties have clarified that the presentence report did not include any increase for Hines's role in the offense.

Before we consider the merits of these arguments, we must evaluate the "significant procedural hurdles" to Hines's § 2255 motion. *Id.* at 621. In the *Bousley* decision, the Supreme Court reiterated the strict rule that to challenge the voluntariness and intelligence of his guilty plea collaterally, a habeas petitioner must first have made such a challenge on direct appeal. *Id.* Hines did not do so. Thus, as the District Court properly determined, Hines's *Richardson*-based claims are procedurally defaulted.

Hines attempts to show cause for the default by arguing that "the legal basis for his claims, *Richardson,* was not decided until five years after [Hines's] plea and was 'not reasonably available to counsel' at the time." This argument is not supported by a review of the caselaw. By the time of Hines's plea on November 14, 1994, a number of circuits had considered the purportedly "novel" question decided in the *Richardson* case; indeed, there was already a circuit split. *Compare, e.g., United States v. Echeverri,* 854 F.2d 638, 642 (3d Cir.1988) (holding that failure to give instruction that jurors "must unanimously agree on which three acts constitute the continuing series of violations" was reversible error); *United States v. Hernandez–Escarsega,* 886 F.2d 1560, 1573 (9th Cir.1989) (stating, with respect to CCE instruction, that "[a]lthough it would have been the better practice to give a specific unanimity instruction, any error in this case was harmless"); *with United States v. Canino,* 949 F.2d 928, 947–48 (7th Cir.1991) ("We do not require that the jurors unanimously agree as to the same predicate acts."); *United States v. Lehder–Rivas,* 955 F.2d 1510, 1519 n. 6 (11th Cir. 1992) (rejecting argument that unanimity instruction was required). Indeed, although this Court had not specifically addressed the issue of juror unanimity on CCE predicates, our opinions alerted counsel to the fact that some district courts in the circuit were requiring such findings. *See United States v. Scarpa,* 913 F.2d 993, 1023 (2d Cir.1990) (quoting from jury charge: "You must, however, unanimously agree on which three acts constitute the continuing series of violations."). The fact that the argument was not uniformly accepted by these courts does not excuse Hines's failure to raise it. *See Bousley,* 523 U.S. at 622–23. "Where the basis of a ... claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default." *Engle v. Isaac,* 456 U.S. 107, 134, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

In any event, *Richardson*'s requirement of juror unanimity as to three CCE predicates has little relevance to Hines's conviction—which was based on his own guilty plea rather than a jury verdict—because only three predicate violations were alleged by the government. To the extent Hines challenges his plea on the grounds that his allocution did not satisfy the three-violation requirement for CCE, this claim was certainly available to him on direct appeal. Long before *Richardson,* we held that "[a]t least three drug felony violations are required to establish" the "series" requirement of 21 U.S.C. § 848. *United States v. Aiello,* 864 F.2d 257, 264 (2d Cir.1988) (*citing United States v. Young,* 745 F.2d 733, 747 (2d Cir.1984)). For these reasons, the District Court properly determined that Hines was unable to demonstrate cause for his procedural default.

Hines also fails to establish actual innocence. " '[A]ctual innocence' means factual

innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Hines's "proof" of actual innocence consists of arguments that various elements of the CCE offense were not properly established before the district court.[2] Nowhere in his papers does Hines assert that he is, as a factual matter, actually innocent of the CCE offense. Because Hines has established neither cause for his default nor actual innocence, we cannot review this procedurally defaulted claim.

Even if not procedurally barred, Hines's claim is clearly meritless because the admissions that he made in the plea agreement and during the plea hearing covered each of the elements necessary to sustain a conviction under 21 U.S.C. § 848(b). He admitted that: (i) he committed the three predicate offenses specified in the indictment; (ii) he participated in the enterprise with at least five other individuals; (iii) he had been a principal leader of the enterprise; (iv) he received substantial income and resources from the enterprise; and (v) the enterprise "involved an aggregate of 100 kilograms of crack cocaine."

Hines's second argument is that the District Court violated *Apprendi* by imposing a mandatory minimum life sentence on him under 21 U.S.C. § 848(b) because the elements that distinguish § 848(b) from 21 U.S.C. § 848(a) were neither charged in the indictment nor established by specific findings at the plea hearing. This claim fails for several reasons.

First and foremost, we recently held that "*Apprendi* does not apply retroactively to initial section 2255 motions for habeas relief." *Coleman v. United States*, 329 F.3d 77, 78–79, 90–91 (2d Cir.2003). Hines's *Apprendi* arguments are, thus, clearly foreclosed by *Coleman*. Even if they were not, his claim would be procedurally barred for essentially the same reasons outlined with respect to his *Richardson* claims.[3] Finally, his claim lacks merit. *Apprendi* does not apply to this case because Hines's sentence did *not* exceed the applicable maximum sentence under subsection (a) of the statute (the subsection under which he claims he should have been sentenced). *See Harris v. United States*, 536 U.S. 545, 566–68, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002); *United States v. Luciano*, 311 F.3d 146, 153 (2d Cir.2002).

We have reviewed the record in its entirety and we find that Hines's arguments lack merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.

---

**2.** Even if such allegations were sufficient, Hines's characterization of the record is inaccurate, given the admissions made by Hines discussed *infra*.

**3.** Hines cannot claim "novelty" as cause for failing to assert this claim on direct appeal because long before Hines pleaded guilty in this case, we held in *United States v. Torres*, 901 F.2d 205 (2d Cir.1990), that the requirements of § 848(b) were elements that must be proven to the jury beyond a reasonable doubt (and not merely sentence enhancements). *See id.* at 240. Thus, Hines could not argue that the *Apprendi* argument he raises (as to § 848(b)) was so "novel" as to be unavailable to him at the time of his plea and appeal.