**Daniel SANTIAGO–DIAZ, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 03 Civ. 5799(VM).**

United States District Court, S.D. New York.

Jan. 23, 2004.

of a plea agreement with the Government, Diaz pled guilty to a single count of committing a robbery in violation of the Hobbs Act, 18 U.S.C. § 1951. Diaz claims that he received ineffective assistance of counsel in violation of his rights under the Sixth Amendment of the United States Constitution. According to Diaz, his counsel was ineffective for failing to argue for a reduction in the offense level based on Diaz's minor role in the crime and his eligibility for the so-called "safety-valve" reduction. The Government opposes the petition on the grounds that under his plea agreement, Diaz waived his right to collaterally attack his sentence, and because he has otherwise failed to meet his burden for a claim of ineffective assistance of counsel. For the reasons set forth below, Diaz's petition is denied.

## I. BACKGROUND

On March 12, 2001, Diaz and two other individuals were arrested in Manhattan by law enforcement agents moments before attempting to rob approximately 50 kilograms of cocaine from a drug trafficking group. Diaz, in exchange for monetary compensation, had agreed to drive one of the vehicles to be used in the robbery. The agents seized a pair of gloves, a ski mask and a firearm inside the vehicle Diaz was driving. (*See* Daniel Santiago–Diaz Pre-sentence Report, dated Oct. 4, 2002 ("PSR"), at ¶¶ 27, 40–48, 58.)

A Grand Jury originally returned an indictment against Diaz that charged him with one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. After waiving Indictment, a Superceding Information was subsequently filed charging Diaz with one count of conspiracy to commit a robbery in violation of the Hobbs Act, 18

Daniel Santiago–Diaz, Big Spring, TX, Pro se.

## DECISION AND ORDER

MARRERO, District Judge.

Pro se petitioner Daniel Santiago–Diaz ("Diaz") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (" § 2255") seeking to reduce his sentence following a guilty plea. Under the terms

U.S.C. § 1951.[1] On August 8, 2002, Diaz pled guilty before Magistrate Judge Debra Freeman to the single count in the Superceding Information. Diaz's plea was pursuant to a written plea agreement with the Government in which he waived, among various other rights, his right to appeal under § 2255 a sentence within or below the stipulated guidelines range of incarceration set forth in the plea agreement. (*See* Diaz Plea Agreement, dated August 5, 2002 ("Agreement"), at 4.) Diaz also waived his right to seek a downward departure or any adjustments to the calculation of the guidelines range that was not set forth in the Agreement. (*See id.* at 3.)

Although Diaz signed the Agreement, he informed the Court through his counsel that the two prior DWI convictions mentioned in the Agreement did not belong to him. (*See* Transcript of Plea Proceeding, *United States v. Daniel Santiago–Diaz,* No. 01 Cr. 257, Aug. 8, 2002 ("Plea Tr."), at 15:14–23.) Defense counsel stated that if these convictions were not attributable to Diaz, the guidelines range would be 70 to 87 months incarceration, instead of a range of 78 to 97 months as set forth in the Agreement. (*See id.* 15:21–23.) The parties ultimately stipulated to orally modify the Agreement on the record to provide for two alternative guideline ranges depending on the outcome of a further investigation to determine whether the two convictions in fact belonged to Diaz. (*See* Plea Tr. at 25:9–27:23.)

The United States Probation Department ("Probation") subsequently determined that the two DWI convictions contained in the Agreement did not belong to Diaz, and accordingly calculated a guidelines range of incarceration of 70 to 87 months. (*See* PSR at ¶¶ 3, 73–75, 96.) On November 18, 2002, Judge Schwartz reaffirmed Magistrate Judge Freeman's acceptance of Diaz's guilty plea, adopted Probation's findings, and sentenced Diaz to 70 months incarceration to be followed by three years of supervised release. (*See* Transcript of Diaz Sentencing, Nov. 18, 2002 ("Sen.Tr."), at 5:4–7:10.)

Diaz brings this § 2255 petition on the grounds that his trial counsel was ineffective for failing to seek a reduction in Diaz's offense level prior to sentencing. The gravamen of Diaz's ineffective assistance of counsel claim is that his counsel failed to raise two arguments prior to sentencing. First, Diaz argues that his counsel was ineffective for failing to argue that Diaz was a minor participant in the offense. Second, Diaz claims his counsel was ineffective for failing to argue that Diaz was eligible for the safety valve provision of the Sentencing Guidelines.[2] (*See* Memorandum in Support of Petition Under Section 2255 ("Memorandum"), dated June 30, 2003, at ¶¶ 6–9.) Diaz further argues that under the United States Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), he can only be charged with the narcotics conspiracy offenses contained in

---

**1.** The statute states in pertinent part:
Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a).

**2.** Under the so-called "safety-valve" provision of the Sentencing Guidelines, a Court is permitted to impose a sentence within the guidelines range without regard to any statutory minimum sentence for certain offenses and under certain conditions. *See* U.S.S.G. ¶ 5C1.2.

the original Grand Jury Indictment. (*See id.* at ¶ 10.) Finally, Diaz asserts that his counsel failed to fully investigate his case and failed to object to the pre-sentence report. (*See id.*) The Government opposes Diaz's petition on the grounds that Diaz is procedurally barred from bringing this action under the terms of the Agreement, and because Diaz's ineffective assistance of counsel claim is otherwise without merit.[3]

## II. *DISCUSSION*

### A. *SECTION 2255 WRIT OF HABEAS CORPUS*

■ A prisoner in federal custody may file a petition for a writ of habeas corpus under § 2255 to collaterally attack his sentence if it was imposed by a court lacking jurisdiction, is in violation of the United States Constitution or United States law, was excessive under applicable law, or "is otherwise subject to collateral attack." 28 U.S.C. § 2255. In order to collaterally attack a sentence under § 2255, a criminal defendant must demonstrate "an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Bokun,* 73 F.3d 8, 12 (2d Cir. 1995) (internal quotations and citations omitted). Diaz's sole basis for his collateral attack is that he received ineffective assistance of counsel during the sentencing phase of the proceedings, which resulted in a harsher sentence.

### B. *DIAZ'S PLEA AGREEMENT*

■ The Court construes a plea agreement under general principles of contract law. *See United States v. Palladino,* 347 F.3d 29, 32 (2d Cir.2003). The Agreement states: "It is further agreed (i) that the defendant will neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255, any sentence within or below the Stipulated Guidelines Range of 78 to 97 months, . . . ."[4] (*See* Agreement at 4.) Thus, Diaz *explicitly* waived his right to bring a § 2255 action. In return, he avoided facing a charge of narcotics conspiracy and a probable charge of possessing a firearm in furtherance of a drug trafficking crime. If convicted of these offenses, Diaz would have faced a mandatory minimum of ten years incarceration for the narcotics charge to be followed by a consecutive mandatory minimum five-year sentence for the firearm possession charge. *See* 21 U.S.C. § 841(b); 18 U.S.C. § 924(c). It is clear that Diaz reaped his benefit of the bargain. The waiver provision in the Agreement is unambiguous and the Government is entitled to the benefit of the bargain as well. *See INS v. St. Cyr,* 533 U.S. 289, 321–22, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) ("Plea agreements involve a *quid pro quo* between a criminal defendant and the government.") (citation omitted) (italics in original).

■ It is well settled that a criminal defendant's waiver of his right to appeal a sentence that is within or below the stipulated guidelines range in a plea agreement is generally enforceable. *See, e.g., United States v. Johnson* 347 F.3d 412, 414 (2d Cir.2003); *United States v. Chen,* 127 F.3d 286, 289 (2d Cir.1997); *United States v. Rivera,* 971 F.2d 876, 896 (2d Cir.1992).

---

**3.** In his reply to the Government's opposition, Diaz merely reiterates his argument that his counsel was ineffective for failing to argue for an adjustment based on Diaz's alleged minor role in the offense. (*See* Petitioner's Reply To The Government's Opposition, dated Oct. 27, 2003, at 1–2.)

**4.** As discussed above, the correct guidelines range was later determined to be 70 to 87 months.

Such a waiver creates a rebuttable presumption of enforceability that a defendant can overcome by showing either that (1) the waiver was not knowing, voluntary, and competent; (2) the sentence imposed was based on impermissible factors, such as race ·or other biases; (3) the Government breached the plea agreement; or (4) the sentencing court failed to enunciate a rationale for the sentence. *See United States v. Gomez–Perez*, 215 F.3d 315, 319 (2d Cir.2000) (citations omitted). Although Diaz does not mention the waiver provision in his submissions to the Court, much less attempt to explain why the waiver should not be enforced, the Court will consider these four possible grounds for not enforcing Diaz's waiver provision.

With regard to whether Diaz's waiver of his right to challenge his sentence was knowing and voluntary, the Second Circuit has explained that a defendant may not attempt to exercise his right to challenge a sentence that is within the range in a plea agreement after knowingly and voluntarily waiving such a right and after securing the benefits of the plea agreement from the Government. *See United States v. Salcido–Contreras*, 990 F.2d 51, 53 (2d Cir. 1993). Doing so "would render the plea bargaining process and the resulting agreement meaningless." *Id.*

■ The Court finds that Diaz's waiver of his right to challenge his sentence by means of a § 2255 petition was made knowingly and voluntarily. The record is devoid of any suggestion to the contrary, nor does Diaz allege that his waiver was not competent. A review of Diaz's plea colloquy transcript demonstrates that Magistrate Judge Freeman carefully followed Rule 11 of the Federal Rules of Criminal Procedure to assure that Diaz was properly advised of the rights he was waiving under the Agreement, of the consequences of pleading guilty, and that

there was a factual basis for the guilty plea. (*See* Plea Tr. at 6:21–15:13; 28:21–39:23.)

The Court further notes that during Diaz's plea proceeding, Magistrate Judge Freeman questioned Diaz as to whether he was aware of and consented to the waiver of his right to appeal his sentence. (*See id.* at 29:2–32:7.) During the parties' discussions with regard to the issue of the DWI convictions, Magistrate Judge Freeman expressed concern that the oral modification of the Agreement on the record may lead to confusion, in particular with Diaz's understanding of his waiver of appellate rights. (*See id.* at 15:24–18:19.) To assure that Diaz understood the modification, Magistrate Judge Freeman questioned him several times regarding his waiver. One of those exchanges occurred as follows:

THE COURT: If Judge Schwartz were to find that at least one of the two convictions is not yours, are you then willing to live with a guidelines range of 70 to 87 months, so that as long as your sentence is within that range or below that range, you waive your right to appeal the sentence?

THE DEFENDANT: No. I would not appeal.

(*Id.* at 30:10–15.) Diaz was also questioned specifically regarding his waiver of a collateral challenge to a sentence that is within or below the stipulated guidelines range as follows:

THE COURT: What I would like to make sure is that you understand that the waiver that you have just said that you understand and agree to would not only be to the Court of Appeals on appeal, but also any further challenge to Judge Schwartz after the time of your sentencing. Do you understand that?

THE DEFENDANT: I do.

(*Id.* at 32:1–7.) Thus, Diaz's waiver of his right to appeal a sentence that is within or below the guidelines range was made very clear to him during his plea colloquy.

Based on Magistrate Judge Freeman's questioning of Diaz during his plea colloquy and the record as a whole, the Court finds that Diaz knowingly and voluntarily waived his right to collaterally attack his sentence. Although the Court is mindful that such waiver provisions should be construed narrowly, the Court agrees with the Government that the record in this case clearly demonstrates that Diaz affirmatively waived his right to bring this § 2255 action in exchange for the Agreement. *See United States v. Difeaux,* 163 F.3d 725, 728 (2d Cir.1998) ("Although the reviewing court must read the waiver provision narrowly and construe ambiguous provisions against the government ..., the court must also enforce a valid waiver that covers the appellate issue presented....").

■ With regard to the other three grounds for not enforcing the waiver provision, there is nothing in the record to suggest that Diaz's sentence was imposed based on impermissible biases or that the Government breached the Agreement, nor has Diaz alleged so in his petition. Finally, Judge Schwartz did in fact state a rationale for the sentence imposed. Specifically, Judge Schwartz stated that the he was accepting the findings of Probation as set forth in the PSR, and was considering mitigating factors such as the fact that this was Diaz's first offense. (*See* Sen. Tr. at 5:4–6:25.) Judge Schwartz further stated that the sentence imposed is "in recognition of the seriousness of the crime, to deter this defendant and others, and to protect the public." (*Id.* at 8:10–12.) Thus, the other grounds for rebutting the presumptive enforceability of Diaz's waiver do not apply to this case.

The Court finds that Diaz's attack on the performance of his counsel is nothing more than a thinly-veiled endeavor to circumvent the waiver of his right to challenge his sentence. A claim of ineffective assistance of counsel is not a vehicle for a criminal defendant to attempt an end-run around a knowing and voluntary waiver of his right to appeal his sentence. *See United States v. Djelevic,* 161 F.3d 104, 107 (2d Cir.1998) (rejecting the defendant's ineffective assistance of counsel claim because it amounted to a challenge of the sentence that was waived in the plea agreement).

Accordingly, Diaz's § 2255 petition for relief from his sentence is denied on the grounds that under the explicit terms of the Agreement, he waived his right to such a petition knowingly and voluntarily and there is no other basis to hold the waiver provision unenforceable.

## C. *INEFFECTIVE ASSISTANCE OF COUNSEL*

■ Although the terms of Diaz's plea agreement procedurally bars his § 2255 petition, the Court also finds that his substantive ineffective assistance of counsel claim fails to meet the required legal standard. Under the United States Supreme Court's test enunciated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a criminal defendant must meet a two-prong test in order to successfully make out a claim of ineffective assistance of counsel. Under the first prong, the defendant must demonstrate "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. This burden entails overcoming the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the pre-

sumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689, 104 S.Ct. 2052 (internal quotations and citations omitted). A court must look to the totality of the circumstances to determine whether counsel "failed to exercise the skills and *diligence* that a reasonably competent attorney would provide under similar circumstances." *Boria v. Keane,* 99 F.3d 492, 496 (2d Cir.1996) (citation omitted) (italics in original). The applicable standard of counsel's conduct is "reasonableness under prevailing professional norms." *Wiggins v. Smith,* 539 U.S. 510, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003) (citation omitted).

Under the second prong of *Strickland,* a defendant must demonstrate prejudice by showing a reasonable probability that counsel's error altered the result of the proceeding. *See Strickland,* 466 U.S. at 691, 104 S.Ct. 2052 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."); *accord United States v. Campbell,* 300 F.3d 202, 214 (2d Cir.2002) (stating that both *Strickland* prongs must be met in order for a petitioner to prevail on an ineffective assistance of counsel claim). A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. The "prejudice" prong under *Strickland* is not simply outcome determinative, but rather, it focuses on the impact of counsel's performance on the overall integrity of the proceeding. *See Lockhart v. Fretwell,* 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *Aeid v. Bennett,* 296 F.3d 58, 63 (2d Cir.2002).

■ The determination of prejudice is made with the benefit of hindsight, unlike the determination of whether counsel committed egregious errors in the first place, which is judged under the circumstances at the time of the representation. *See Lockhart,* 506 U.S. at 372, 113 S.Ct. 838; *see also United States v. Eyman,* 313 F.3d 741, 743 (2d Cir.2002); *Mayo v. Henderson,* 13 F.3d 528, 534 (2d Cir.1994).

Ineffective assistance of counsel under *Strickland* implicates a criminal defendant's right to counsel under the Sixth Amendment of the United States Constitution. *See Aparicio v. Artuz,* 269 F.3d 78, 95 (2d Cir.2001) ("Occasionally, the performance of defense counsel is so dismal that it ripens into the deprivation of counsel altogether and potentially violates the defendant's Sixth Amendment rights."). As this Court has noted, however, "[c]riminal defendants asserting ineffective assistance of counsel are required to satisfy [the *Strickland* test] in order to deter a baseless attack on the performance of counsel in a last-ditch effort to avoid a conviction or reduce the sentence." *Percan v. United States,* No. 02 Civ. 7327, 294 F.Supp.2d 505, 2003 WL 22909147, at *4 (S.D.N.Y. Dec. 9, 2003); *see also Kimmelman v. Morrison,* 477 U.S. 365, 382, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) (referring to the *Strickland* test as "highly demanding"). Accordingly, Diaz carries a heavy burden in setting forth a claim of ineffective assistance of counsel.

■ Applying the *Strickland* standard to the facts in this case, the Court is persuaded that Diaz has failed to demonstrate that his counsel's conduct fell below prevailing professional norms. Given the wide latitude afforded counsel in representing criminal defendants, the Court finds the failure to argue for a minor role adjustment did not amount to a deprivation of Diaz's Sixth Amendment right to counsel.

The Court finds that it was reasonable for Diaz's counsel not to argue for such a

reduction. As a threshold matter, such adjustments were barred under the terms of the Agreement.[5] (*See* Agreement at 3.) Furthermore, the decision not to seek an adjustment for Diaz's alleged "minor role" is a strategic choice made by counsel as part of the representation of his client. It is not this Court's role to second-guess such decisions in hindsight. *See ·Strickland,* 466 U.S. at 689, 104 S.Ct. 2052 ("Judicial scrutiny of counsel's performance must be highly deferential."); *United States v. DiTommaso,* 817 F.2d 201, 215 (2d Cir.1987) (stating that defense counsel's failed strategy should not be second-guessed).

Finally, the merit of such an argument is doubtful. There is no indication that Judge Schwartz would have accepted such an argument in the first place. The fact that Diaz was found to be in possession of a ski mask, gloves, and a firearm creates a reasonable inference that he was prepared to commit an act of violence, thus undermining his alleged minor role.[6] Although ineffective assistance of counsel may result in instances when counsel pursued "clearly and significantly weaker" issues in lieu of "significant and obvious" issues, *Mayo,* 13 F.3d at 533, the Court discerns no such error under the facts of this case.

 With regard to counsel's decision not to seek a reduction under the "safety-valve" provision of the Sentencing Guidelines, the Court finds this basis for Diaz's claim to be wholly without merit. As the Government correctly points out, the "safety-valve" provision applies only to certain narcotics offenses. *See* 18 U.S.C. § 3553(f). Because Diaz was charged with (and pled guilty to) attempted robbery under the Hobbs Act, he is not eligible for the "safety-valve" provision. Furthermore, the fact that Diaz was found to be in possession of a firearm also makes him automatically ineligible for the provision. *See id.* The Court thus finds no error by counsel, nor any prejudice to Diaz, ·from counsel's failure to argue for a reduction under the "safety-valve" provision of the Sentencing Guidelines. Accordingly, the Court concludes that Diaz has not satisfied either element of the *Strickland* test to make out a claim for ineffective assistance of counsel. *See United States v. DeJesus,* 219 F.3d 117, 121–22 (2d Cir.2000) (rejecting defendant's ineffective assistance of counsel claim when defendant was ineligible for "safety-valve" provision).

 The Court further finds Diaz's *Apprendi* claim to be meritless. In *Apprendi,* the Court addressed a challenge to a state criminal statute that permitted facts that enhanced the punishment beyond the statutory maximum to be determined by a judge under a preponderance of the evidence standard. *See Apprendi,* 530 U.S. at 468–69, 120 S.Ct. 2348. The Supreme Court invalidated the statute and held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348.

In stark contrast to *Apprendi,* the penalty in this case has not been enhanced beyond the prescribed statutory maximum.

5. Although Diaz does not allege ineffective assistance of counsel with respect to the acceptance of the Agreement and the entry of his plea, the Court finds that it was reasonable for counsel to advise Diaz to accept the terms of the Agreement in light of the harsher penalties Diaz was subject to under a narcotics conspiracy and possible firearm possession charge.

6. In light of the weakness of the "minor role" argument, Diaz has also failed to demonstrate prejudice to support his ineffective assistance of counsel claim.

302

Diaz pled guilty to a violation of the Hobbs Act and was sentenced to 70 months incarceration, which is well below the statutory maximum of 20 years for this offense. *See* 18 U.S.C. § 1951. As the Second Circuit has explained, "[v]iolation of *Apprendi* arises when the defendant is sentenced on the basis of a triggering fact not found by the jury to a sentence that exceeds the [applicable] maximum [sentence without the triggering fact]. If the defendant's sentence is within the otherwise applicable maximum, no violation of *Apprendi* has occurred, . . . ." *United States v. Luciano*, 311 F.3d 146, 151 (2d Cir.2002). Thus, because Diaz's sentence did not exceed the maximum for the offense to which he pled guilty, *Apprendi* does not apply.

Contrary to Diaz's suggestion, the Court finds no support in *Apprendi* for the proposition that the Government must pursue only charges in an original Indictment or other charging instrument. Indeed, as the Government points out, Diaz was facing a much harsher sentence under the narcotics conspiracy charge contained in the original Indictment and under a possible firearm possession charge that could have also been brought under the facts of this case. Accordingly, the Court finds *Apprendi* to be inapposite to the facts presented here and hence, Diaz's reliance on this decision is misplaced.

 Finally, the Court also finds meritless Diaz's assertions that his counsel "did not investigate his case very well, and failed to object to the Presentence Investigation Report." (Memorandum at ¶ 10.) These conclusory statements are insufficient to support a claim of ineffective assistance of counsel under *Strickland*. Diaz neither explains how his counsel failed to investigate his case nor states which specific objections to the PSR should have been raised. To the extent that these statements refer to the "minor role" and

"safety-valve" adjustments, the Court has already rejected these claims for the reasons discussed above. To the extent that the statements refer to additional grounds for asserting ineffective assistance of counsel, Diaz has failed to allege facts from which the Court can apply the *Strickland* test. Accordingly, Diaz's statements fail to support his claim of ineffective assistance of counsel.

For the foregoing reasons, the Court finds no merit to Diaz's substantive grounds for relief from his sentence. Diaz's § 2255 petition is denied on the additional grounds that he has not made the required showing for a claim of ineffective assistance of counsel.

## III. *ORDER*

For the reasons set forth above, it is hereby

**ORDERED** that petitioner Daniel Santiago–Diaz's ("Diaz") petition for a writ of habeas corpus to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is DENIED.

As the Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

The Clerk of Court is directed to close this case.

**SO ORDERED:**