**UNITED STATES of America,**
**Appellee,**

v.

**Kwok Ching YU, a/k/a "Mon Lop,"**
**Defendant–Appellant,**

**Peter Monsanto, Jacqueline Monsanto,**
**and Arnold Lawson, a/k/a**
**"Bones," Defendants.**

**Docket No. 03–1275.**

United States Court of Appeals,
Second Circuit.

Oct. 6, 2005.

Roberto Finzi, Assistant United States Attorney (Gary Stein, Assistant United States Attorney), for David N. Kelley, United States Attorney for the Southern District of New York, for Appellee, of counsel.

Irving Cohen, New York, N.Y., for Defendant–Appellant.

Present: KEARSE, KATZMANN, Circuit Judges, and KOELTL,* District Judge.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this case is **REMANDED** to the district court.

We assume the parties' familiarity with the complicated procedural posture of this matter, but the facts pertinent to the instant appeal are these: On April 5, 2000, defendant-appellant Kwok Ching Yu pled guilty to three separate charged offenses: (1) a conspiracy to distribute one kilogram and more of heroin between 1995 and 1996, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); (2) a conspiracy to distribute 100 grams and more of heroin between March 1997 and September 1997, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B); and (3) an attempt to distribute 100 grams and more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). The district court sentenced Yu to a mandatory minimum sentence of 240 months on the basis of a drug quantity not admitted by Yu, but found by the district court following a hearing conducted pursuant to *United States v. Fatico*, 579 F.2d 707 (2d Cir.1978).

On remand to the district court from an earlier appeal, *see United States v. Yu*, 285 F.3d 192 (2d Cir.2002), Yu moved to withdraw his guilty plea, arguing that his plea was not knowing and voluntary because, at the time of his allocution, he was not aware of his right to have a jury decide facts— *viz.* drug quantity—that would trigger a mandatory minimum sentence. The district court denied Yu's motion, however, on the ground that decisions of the Supreme Court and Second Circuit in the wake of Yu's first appeal—specifically *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), *United States v. Luciano*, 311 F.3d 146, 151 (2d Cir.2002), and *United States v. Richards*, 302 F.3d 58, 66 (2d Cir.2002)—"ma[de] clear that the determination by the judge rather than the jury of facts that result in the imposition of a mandatory minimum sentence raises no constitutional question as long as the sentence does not exceed the otherwise applicable statutory maximum."

A more recent decision of our Court now compels us to conclude that the district court's analysis was in error. In *United States v. Gonzalez*, the Court considered an appeal from a defendant who had pled guilty to violating § 841(b)(1)(A) and who received a mandatory minimum sentence not in excess of the prescribed maximum for an identical unquantified crime under

---

§ 841(b)(1)(C). *See United States v. Gonzalez*, 420 F.3d 111 (2d Cir.2005). Gonzalez's sentence was imposed on the basis of a drug quantity that was not admitted by him, but rather found by the district court following a *Fatico* hearing. *See id.* at 118. Gonzalez argued, on appeal, that the district court should have allowed him to withdraw his guilty plea because: (1) he had not admitted the statutory drug quantity; and (2) he had been misinformed as to his right to have a jury, rather than the court, determine drug quantity. *Id.* at 115. This Court agreed and—after distinguishing the same precedent relied upon by the district court in the instant appeal—held that:

> (1) The drug quantities specified in 21 U.S.C. § 841 are elements that must be pleaded and proved to a jury or admitted by a defendant to support any conviction on an aggravated drug offense, not simply those resulting in sentences that exceed the maximum otherwise applicable for an identical unquantified drug crime.
>
> (2) The sentencing ranges prescribed in § 841 for aggravated drug offenses may not be deconstructed so that quantity operates as an element for purposes of determining an applicable maximum but as a sentencing factor for purposes of determining an applicable minimum. . . .
>
> (3) Because the defendant . . . was misinformed as to his right to have the charged statutory drug quantity proved to a jury and because he did not admit quantity at his plea allocution, his guilty plea to an aggravated § 841(b)(1)(A) offense was not knowing, voluntary, or sufficient to support the judgment of conviction. . . .

*Id.* at 133–34.

Like the defendant in *Gonzalez*, Yu did not admit to the relevant drug quantities and was misinformed as to his right to

have a jury, rather than the court, determine those quantities. Thus, Yu's guilty plea, like the guilty plea of the defendant in *Gonzalez*, was not knowing, voluntary, or sufficient to support the judgment of conviction, and the district court, as a result, should have granted Yu's motion to withdraw his guilty plea for all the reasons carefully articulated in *Gonzalez*. Accordingly, Yu's case is **REMANDED** to the district court with directions to vacate the judgment of conviction, allow the defendant to withdraw his guilty plea, and permit the government to proceed to trial on the offenses with which Yu was charged.