**UNITED STATES of America,**
**Appellee,**

v.

**Efrain Nicolas CIRINEO, a/k/a "Colas", Defendant–Appellant,**

Rafael Cirineo, a/k/a "Nano", Norman Alan Sheppard, Franklin Lama, Jose Nicolas Infante, a/k/a "Nico", Melvin Linval, Francisco J. Espinal, a/k/a "William", Eddie Gomez, a/k/a "Iguana", Denise Mitchell, Luis Geraldo Diaz–Burgos, a/k/a "Rafalito", Andres Estevez, Defendants.

**Docket No. 02–1110.**

United States Court of Appeals, Second Circuit.

March 13, 2003.

Laura J. Lefkowitz (Roger L. Stavis, on the brief), Stavis & Kornfeld, LLP, New York, NY, for Appellant.

Mylan L. Denerstein, Assistant United States Attorney (Christine H. Chung, Assistant United States Attorney, James B. Comey, United States Attorney for the Southern District of New York, on the brief), New York, NY, for Appellee, of counsel.

Present: OAKES, MESKILL and CABRANES, Circuit Judges.

## SUMMARY ORDER

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Defendant–Appellant Efrain Nicolas Cirineo appeals from a judgment of conviction entered on February 7, 2002, following his plea of guilty to a charge of conspiracy to distribute and possess with intent to distribute 50 grams and more of crack cocaine, in violation of 21 U.S.C. § 846, as predicated upon 21 U.S.C. § 841(b)(1)(A). Cirineo was sentenced principally to a term of 292 months' imprisonment.

On appeal, Cirineo argues that his sentence violates the Supreme Court's holding in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We have interpreted the Supreme Court's decision in *Apprendi* to mean that "unless [certain] facts were found by a jury beyond a reasonable doubt, the defendant may not be sentenced more heavily than the maximum sentence allowed by the statute without regard to those [particular] facts." *United States v. Luciano,* 311 F.3d 146, 151 (2d Cir.2002). More specifically,

> [a]s long as the sentence imposed is not greater than the maximum penalty authorized by statute for the offense charged and (in cases involving a guilty plea) allocuted to by the defendant, a district court may consider drug quantity in determining a defendant's relevant conduct for sentencing purposes.

*United States v. McLean,* 287 F.3d 127, 133 (2d Cir.2002) (citing *United States v. Thomas,* 274 F.3d 655, 663–64 (2d Cir. 2001) *(en banc)*).

In this case, Cirineo was indicted for conspiring to violate 21 U.S.C. § 841(b)(1)(A), which prohibits, *inter alia,* distribution or possession with intent to distribute 50 grams or more of crack cocaine. Cirineo's indictment expressly charged him with possessing "50 grams and more" of crack cocaine, and Cirineo acknowledged during his plea allocution hearing that he possessed in excess of this amount of crack cocaine. 21 U.S.C. § 841(b)(1)(A) carries a maximum statutory penalty of life imprisonment. Cirineo was sentenced principally to 292 months in prison. Accordingly, no *Apprendi* violation has occurred.

Cirineo also argues that the District Court committed clear error by crediting the testimony provided by his co-defendant, Franklin Lama, during the *Fatico* hearing held on January 7, 2002 to determine the exact quantity of drugs attributable to Cirineo for sentencing purposes. *See United States v. Fatico,* 579 F.2d 707 (2d Cir.1978). Specifically, Cirineo argues that Lama was not credible because he was a cooperating government witness and because he regularly smoked marijuana during the time period about which he was testifying.

When a trial judge's credibility finding is based on his or her decision to credit the testimony of a witness who "has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Anderson v. Bessemer City,* 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Cirineo does not challenge either the plausibility or the consistency of Lama's testimony regarding drug quantity, and he points to no evidence contradicting that testimony. Accordingly, the District Court did not err, much less clearly err, by crediting Lama's testimony for purposes of determining the exact quantity of drugs attributable to Cirineo.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.