11-5305-cr
U.S. v. Soto-Solivan

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of December, two thousand twelve.

Present:
　　　ROBERT A. KATZMANN,
　　　BARRINGTON D. PARKER, JR.
　　　RICHARD C. WESLEY,
　　　　　　　*Circuit Judges*.

------------------------------------------------------------

UNITED STATES OF AMERICA,

　　　*Appellee*,

　　　　　v.　　　　　　　　　　　　　　　　No.　11-5305-cr

LUIS JOEL SOTO-SOLIVAN, AUREA CASIANO,
EDGARDO DIAZ, CARMELO RONDON FELICIANO,
MOISES FIGUEROA, JOEL GUZMAN, ANDRES
HERNANDEZ, SAMUEL MARTINEZ, MARCOS
RIVAS, SHIRLEY RIVERA, ANGEL SANTIAGO,
HECTOR SANTIAGO, JOSE SANTIAGO, ANGEL
SOTO, WILMARY TORRES, WINDY TORRES,
JIMMY VALENTIN, BANGER VERGARA,

　　　*Defendants*,

DOMINGO GUZMAN,

        *Defendant-Appellant.*

_____

For Defendant-Appellant:        Daniel M. Perez, Newton, NJ

For Appellee:        Robert M. Spector, Sandra S. Glover, Assistant United States Attorneys, *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT

Appeal from the United States District Court for the District of Connecticut (Dorsey, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Domingo Guzman appeals from a judgment of conviction and sentence entered on December 1, 2011 by the United States District Court for the District of Connecticut (Dorsey, *J.*). On November 15, 2007, Guzman pled guilty to conspiracy to distribute and to possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), & 846. The district court initially sentenced Guzman to a term of 220 months of imprisonment. Then, following a prior appeal, it resentenced him to 196 months of imprisonment. On the current appeal, Guzman raises three arguments. First, he contends that the district court should not have imposed a four-level role enhancement under U.S.S.G. § 3B1.1. Second, he argues that the district court erred when, at the second sentencing proceeding, it departed from its prior findings concerning the amount of cocaine Guzman had possessed and distributed. Finally, Guzman contends that the district court imposed a substantively unreasonable sentence. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

2

"[I]n determining the appropriate standard of review for a district court's application of the Guidelines to the specific facts of a case, we . . . follow an 'either/or approach,' adopting a *de novo* standard of review when the district court's application determination was primarily legal in nature, and adopting a 'clear error' approach when the determination was primarily factual." *United States v. Gotti*, 459 F.3d 296, 349 (2d Cir. 2006). Where the parties dispute only whether the facts, as found by the district court, warrant a leadership enhancement under § 3B1.1, "we review a district court's determination . . . *de novo*." *United States v. Hertular*, 562 F.3d 433, 449 (2d Cir. 2009).[1]

Under U.S.S.G. § 3B1.1, courts apply a four-level enhancement to a convicted defendant's guidelines offense level if he "was an organizer or leader of a criminal activity that involved five or more participants," and a three-level enhancement if he "was a manager or supervisor (but not an organizer or leader)" of such activity. In order to distinguish "an organizer or leader" from "a manager or supervisor," courts consider the following factors:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1 cmt. 4. When a district court determines that a defendant qualifies as "an organizer or leader," it must make findings that are "sufficiently specific to permit meaningful appellate review. It is not enough for the court merely to repeat or paraphrase the language of the

---

[1]The Government argues that the Court should review only for plain error. *See Hertular*, 562 F.3d at 449 (finding such review appropriate where a defendant has "failed to object"). Nonetheless, Guzman's counsel clearly objected, stating that he did not "believe that the four-level enhancement [was] appropriate here" and citing the appropriate standard in support of his argument. J. App'x at 217-18.

3

guideline and say conclusorily that the defendant meets those criteria." *United States v. Ware*, 577 F.3d 442, 452 (2d Cir. 2009). Similarly, we have reversed where, although a district court has made some specific findings, those findings "leave[] open important factual questions regarding [multiple] factors listed in [comment] 4" to U.S.S.G. § 3B1.1. *United States v. Huerta*, 371 F.3d 88, 93 (2d Cir. 2004).

Here, the district court applied the four-level enhancement based on its findings that others in the conspiracy "were actually subjected to the leadership of" Guzman, that Guzman "arranged [for others] to have and perform work, chores, purposes in their work in relation to the functioning of the conspiracy," and that "he had a role in their coming to perform the conduct that they did." J. App'x at 217-18. The district court also adopted the following findings from the Government's brief: that Guzman "enlisted" the of help of no fewer than two co-conspirators to receive packages of cocaine; that he "used" another co-conspirator "to run errands and help manage the stash house"; that he "relied" on others "to transport drug proceeds back to his supplier"; that he "used" his wife "to collect drug proceeds"; and that another co-conspirator "seemed to be subservient to" Guzman. J. App'x at 186.

Considering these findings in light of the factors set forth in comment 4, we agree with the district court that a four-level enhancement was warranted. Guzman exercised decision-making authority and controlled others when he "used" his co-conspirators to conduct his business. Similarly, the district court found that he recruited accomplices when it noted that he "enlisted" co-conspirators and "had a role in their coming to perform the conduct that they did." Finally, he planned and organized the conspiracy by dividing its various tasks among those who aided him. These findings demonstrate that Guzman organized and led a narcotics-trafficking

4

conspiracy that involved more than five participants, and thus they support the district court's decision to impose a four-level enhancement.

Next, Guzman argues that the district court erred at the second sentencing proceeding when it attributed a larger amount of cocaine to Guzman than it had at the first sentencing. Even if the district court were bound by its initial conclusion, *but see United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991) (noting that a court has the power to depart from prior decisions in a case), we previously remanded for a "full resentencing," at which the district court could "reconsider any disputed factual issues it deem[ed] appropriate." J. App'x at 120. Indeed, Guzman's counsel admitted at the resentencing proceeding that the district court could revisit this specific issue. *Id.* at 200-01. Accordingly, we affirm the district court's decision.

Finally, Guzman argues that the district court imposed a substantively unreasonable sentence. "[O]nce we are satisfied that the district court complied with the Sentencing Reform Act's *procedural* requirements," we will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). Here, although the Guidelines recommended a sentence within the range of 235 to 292 months of imprisonment, the district court stated that it was "positively impressed" with Guzman's "performance and conduct" while in prison and imposed a sentence of 196 months. J. App'x at 219-21. Given the seriousness of Guzman's offense, the district court's sentence was lenient, rather than unduly harsh. Thus, it clearly fell within the range of permissible decisions, and we affirm.

We have considered Guzman's remaining arguments and find them to be without merit.

For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK