19-1654 (L)
*U.S. v. Sampel and Gonzalez*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of July, two thousand twenty-one.

PRESENT:

> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> > v.                                                             Nos. 19-1654 (L), 19-2086

JUAN SAMPEL, JOSE GONZALEZ,

> *Defendants-Appellants.*

_____

FOR APPELLEE:                         SEAN C. ELDRIDGE, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Rochester, NY.

FOR APPELLANT JUAN SAMPEL:       TINA SCHNEIDER, Law Office of Tina Schneider, Portland, ME.

Juan Sampel, pro se, Ray Brook, NY.

FOR APPELLANT JOSE GONZALEZ: Mehmet K. Okay, The Okay Law Firm, Batavia, NY.

Appeal from two judgments of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment with respect to Jose Gonzalez entered on June 21, 2019, is **AFFIRMED**, and the case of Juan Sampel is **REMANDED** with instructions that the district court vacate the judgment against him entered on May 31, 2019, only as to the sentence then imposed, and conduct a resentencing consistent with this order.

Juan Sampel and Jose Gonzalez appeal from the judgments of conviction entered against them following their joint trial in October 2018, in which a jury found each defendant guilty of one count of conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. The district court sentenced Gonzalez primarily to 262 months' imprisonment and Sampel primarily to 360 months' imprisonment. In his counseled appeal, Sampel challenges the procedural reasonableness of his sentence, arguing that the district court erroneously applied three enhancements in calculating his Guidelines sentence. In his separate pro se brief, Sampel argues that the district court miscalculated the quantity of drugs involved in his criminal conduct, and therefore wrongly determined his base offense level under the Guidelines. Gonzalez argues on appeal that the evidence at trial was insufficient to support his conviction.

I. **Procedural Reasonableness of Sampel's Sentence**

A. *Managerial Role and Use-of-Affection Enhancements*

In calculating the applicable Guidelines offense level, the district court determined that Sampel was subject to a three-level aggravating role adjustment for being a "manager or supervisor" in criminal activity that "involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). "To qualify for th[is] enhancement, a defendant need only

manage or supervise one other participant, and may properly be considered a manager or supervisor if he exercised some degree of control over others involved in the commission of the offense." *United States v. Pristell*, 941 F.3d 44, 50 (2d Cir. 2019).[1] "[A] district court must make specific factual findings when enhancing a defendant's sentence based on his role in the offense, as such findings are necessary for appellate review." *Id.* The district court also determined that Sampel was subject to a two-level enhancement for purportedly using affection to involve his wife in the drug offense. *See* U.S.S.G. § 2D1.1(b)(16)(A). We will review the application of these enhancements for clear error.[2]

In support of both enhancements, the district court cited testimony and evidence presented at trial that described how Miriam Sampel, Juan Sampel's wife, played a role in her husband's crimes. Specifically, Juan Sampel directed a cooperating witness, Angel Ocasio, to go to Miriam Sampel's insurance agency to pick up money that Juan Sampel owed him for the purchase of cocaine. The next day, Ocasio went to the insurance agency and Miriam Sampel gave him a box containing $117,000.

---

[1] Unless otherwise noted, in quoting caselaw and the parties' briefs, this Order omits all alterations, citations, footnotes, and internal quotation marks.

[2] It can reasonably be debated whether a clear error standard applies to our review of these enhancements. With respect to the role enhancement in particular, Sampel states that he does not challenge the district court's factual findings, but rather attacks *the sufficiency* of those findings as a basis for applying the enhancement. *See* Sampel Appellant's Br. at 19 ("The problem here is not that the district court's findings of fact were unsupported but rather that these facts were insufficient to support imposition of the manager/supervisor enhancement as a matter of law."). Under these circumstances, Sampel's appeal might be understood to raise a question of law for which *de novo* review is appropriate. *See, e.g.*, *United States v. Soto-Solivan*, 506 F. App'x 86, 87 (2d Cir. 2012) (summary order) ("Where the parties dispute only whether the facts, as found by the district court, warrant a leadership enhancement under § 3B1.1, we review a district court's determination *de novo*."); *see also United States v. Burgos*, 324 F.3d 88, 91 (2d Cir. 2003) (explaining that "cases in this Circuit are not wholly consistent in expressing how much deference is 'due' the district court's determination when reviewing the imposition of an aggravating role adjustment" and that some decisions review determinations of a defendant's role *de novo* and others review those determinations for clear error). We need not resolve this question here, however, because the parties agree that a clear error standard applies, and the district court's application of these enhancements fails under this more exacting standard.

Juan Sampel maintains on appeal that neither the evidence cited by the district court, nor any other record evidence, establishes that he directed his wife's participation in the criminal activity or that he used affection to involve her in his crimes. We agree. Evidence that Sampel told a person to pick up money from his wife does not establish that Sampel "exercised [any] degree of control" over her, *Pristell*, 941 F.3d at 50, or that he in any way directed her involvement in the drug business. Likewise, this evidence does not support the conclusion that Sampel used affection to involve his wife in the crimes at issue. Simply put, more is needed. The Government fails on appeal to show that the record otherwise supports the application of these enhancements. Although the Government asserts that the district court was in the best position to make determinations based on the totality of evidence presented at trial, it fails to articulate how the facts considered by the district court provided an adequate foundation for these two enhancements, which resulted—significantly—in a five-level increase in Sampel's offense level. Identifying clear error, we therefore remand Sampel's case to the district court for resentencing.

B. *Drug Premises Enhancement*

The district court also applied a two-level enhancement on the ground that Sampel "maintained a premises for the purpose of manufacturing or distributing a controlled substance." U.S.S.G. § 2D1.1(b)(12). Overruling Sampel's objection to the Probation Department's pre-sentence report (PSR), the district court concluded that Sampel used his home as a drug premises, citing the testimony presented at trial.

The record supports the district court's application of this enhancement. Sampel concedes that a search of his home resulted in the discovery of a digital scale with white powder residue, gloves, plastic bags, and a large amount of cash. When considered alongside the credible evidence that Sampel conducted at least two meetings at his home related to his drug business, we cannot conclude that the district court erred in applying the drug premises enhancement.

4

### C. *Drug Quantity Calculation*

In his pro se brief, Sampel argues that the district court committed clear error in calculating the drug quantity involved in his conduct to determine his base offense level under the Guidelines. In the PSR, the Probation Department calculated Sampel's base offense level to be 36, citing Ocasio's testimony that he supplied Sampel with at least 150 kilograms of cocaine between 2015 and 2016. *See* U.S.S.G. § 2D1.1(a)(5), (c)(2) (providing a base offense level of 36 for crimes involving "[a]t least 150 KG but less than 450 KG of Cocaine"). Over Sampel's objection, the district court found that the PSR's drug quantity determination was supported by a preponderance of the evidence.

"Where there has been no seizure of narcotics, or where the quantity seized does not reflect the scale of the offense, the Guidelines require the district court to estimate the amount of drugs involved in the offense." *United States v. Blount*, 291 F.3d 201, 215 (2d Cir. 2002). We review the district court's factual determination for clear error. *See United States v. Batista*, 684 F.3d 333, 344 (2d Cir. 2012).

At trial, Angel Ocasio testified that Sampel was his biggest customer and estimated that he sold Sampel between 150–175 kilograms of cocaine. Contrary to Sampel's arguments on appeal, nothing in the record suggests that Ocasio's testimony was facially implausible; therefore, the district court was entitled to rely on this testimony in calculating the drug quantity. *See United States v. Cirineo*, 60 F. App'x 342, 344 (2d Cir. 2003) (summary order) (upholding district court's drug quantity determination based on witness testimony and explaining that "[w]hen a trial judge's credibility finding is based on his or her decision to credit the testimony of a witness who has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error"); *see also United States v. Frazier*, 805 F. App'x 15, 19 (2d Cir. 2020) (summary order) (upholding drug quantity finding where district court relied on "specific testimony from a co-conspirator"). Accordingly, we see no error in the district court's calculation of the drug quantity underlying Sampel's base offense level.

5

## II.    Sufficiency of the Evidence Supporting Gonzalez's Conviction

Gonzalez's only argument on appeal is that he was convicted based on insufficient evidence. The Court reviews a challenge to the sufficiency of the evidence *de novo*. *United States v. Napout*, 963 F.3d 163, 184 (2d Cir. 2020). In evaluating the sufficiency of the evidence, the Court considers "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *In re Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d 93, 112 (2d Cir. 2008) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)). A conviction may be upheld based on the testimony of a single witness "so long as that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt." *Id.* (quoting *United States v. Gordon*, 987 F.2d 902, 906 (2d Cir. 1993)).

Gonzalez contends that the primary evidence against him came from the testimony of cooperating witness Angel Ocasio, and that Ocasio's testimony was insufficient to support his conviction because it was "incredible on its face." Gonzalez Br. 2. Gonzalez identifies no specific aspect of Ocasio's testimony that was incredible, but challenges Ocasio's credibility generally, asserting that he lacks moral character. These attacks on Ocasio's character do not establish that Ocasio's testimony implicating Gonzalez was "incredible on its face." *In re Terrorist Bombings*, 552 F.3d at 112. Furthermore, in the context of sufficiency challenges, this Court has made clear that "[a]ssessments of witness credibility . . . lie solely within the province of the jury." *United States v. Payne*, 591 F.3d 46, 60 (2d Cir. 2010). As the Government emphasizes in its opposition brief, these criticisms of Ocasio's character were presented to the jury through the defense's cross-examination of Ocasio and in summation. Because Gonzalez fails to establish that Ocasio's testimony implicating Gonzalez was incredible on its face, we conclude that his sufficiency challenge fails.

\* \* \*

We have considered Sampel's and Gonzalez's remaining arguments on appeal and find in them no basis for reversal. For the reasons set forth above, the judgment with respect

6

to Jose Gonzalez is **AFFIRMED**, and the case of Juan Sampel is **REMANDED** with instructions that the district court vacate the judgment against him only as to the sentence imposed, and conduct a resentencing consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court
